The Cunard Steamship Company (Limited), Appellant, *v.* John R. Voorhis et al., Respondents.

The provision of the Code of Civil Procedure (§ 1279), authorizing the submission of a controversy upon facts admitted, is limited to controversies which can be followed by an effectual judgment upon the submission.

Where, therefore, the only relief the plaintiff would be entitled to on the facts agreed upon is an injunction, as that relief is expressly prohibited (§ 1281) in such a proceeding, the submission should be dismissed.

(Argued February 4, 1887; decided March 1, 1887.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made April 7, 1884, which directed judgment in favor of defendants, upon a case submitted under section 1279 of the Code of Civil Procedure.

The material facts are stated in the opinion.

*George De Forest Lord* for appellant. Every grant carries with it, by implication, whatever is necessary for the proper enjoyment of the thing granted. (McAdam's Landl. and Ten., 114; *Kelsey* v. *Durkee*, 33 Barb. 410; *Doyle* v. *Lord*, 64 N. Y. 432.) The right to use a slip for ferry purposes is one of those privileges of exclusive occupation which the dock department are allowed to grant. (Laws of 1871, chap. 574, § 6.) The dock department had the power originally to grant the privilege. All the powers possessed by that department are contained in chapter 137 of Laws of 1870, section 99 as amended by chapter 534 of Laws of 1871, section 6. (Chap. 80, Laws of 1798; Valentine's Laws of City of N. Y. [ed. 1862] 1285–1289, 1295, 1301, 1309; 2 Laws of 1871, 1236, 1237.) In no event should the dock department interfere with the plaintiff's use of this shed; such obstructions, if they are obstructions, are placed under the special charge of the commissioners of pilots. (Laws of 1857, chap. 671 § 8, as amended by the act of 1858, chap. 226, § 5; Laws of 1882, chap 410, § 777; *Com'rs of Pilots* v. *Clark*, 33 N. Y. 251; *Com'rs of Pilots* v. *Erie R. Co.*, 5 Robt. 366.)

*David J. Dean* for respondents. The department of docks has no power to establish ferries. (*Mayor, etc.,* v. *S. I. Ferry Co.* 49 How. 254.) The resolution of June 21, 1876, is at most a mere license or permission and is not assignable, and has been revoked. (*Jamison* v. *Milleman*, 3 Duer, 255; *Babcock* v.

*Utter*, 1 Keyes, 115 ; *Dexter* v. *Hazen*, 10 John. 246 ; *Jackson* v. *Babcock*, 4 id. 418.) The resolution of June 21, 1876, if it is construed as giving a right to the Central Railroad Company to occupy the bulkhead, for ferry purposes, is void, because the dock department has no power to establish a ferry. (*Mayor, etc.,* v. *N. Y. & S. I. Ferry Co.,* 8 J. & S. 232, 244, 245, 247 ; *Conway* v. *Taylor's Ex'r.*, 1 Black. 603.) The dock department had no right to place any structure outside of the new bulk-head, and their action in so placing the shed was illegal and, therefore, conveyed no rights. (Laws of 1871, chap. 574 of Laws of 1871.) This shed being erected contrary to the provisions of the law fixing a bulk-head line, could not be authorized by the city authorities and is a nuisance—a *purpresture.* (*People* v. *Vanderbilt*, 26 N. Y. 287.) The passing of the resolutions of April 26, 1876, and June 21, 1876, by the dock department was an excess of power, and such resolutions are consequently void. (Laws of 1871, chap. 571 ; *Taylor* v. *Beebe*, 3 Robt. 262 ; *Brady* v. *Mayor, etc.,* 2 Bostwick, 173 ; 20 N. Y 312 ; *McDonald* v. *Mayor, etc.,* 68 id. 23 ; *Hodges* v. *Buffalo*, 2 Den. 112 ; *Donovan* v. *Mayor, etc.,* 33 N. Y. 291 ) The commissioners of docks are empowered by statutes to remove unlawful structures which obstruct the slips, piers and bulk-heads, and consequently to direct the removal of the structure in question. (Laws of 1871, § 711, Consolidated Act.)

ANDREWS, J. The judgment from which this appeal is taken was rendered by the General Term, upon an agreed statement of facts, presented for the purpose of procuring the judgment of the court upon the right claimed by the Cunard Steamship Company to maintain a shed used by the company, built upon piles in front of the bulk head adjacent to pier 40, North river, in the city of New York, which alleged right was denied by the defendants.

The steamship company, when this proceeding was instituted, was in possession of the shed and claimed the right to maintain and use the structure in connection with its business,

as grantee of the Central Railroad Company of New Jersey, of rights acquired by the latter company under certain resolutions of the department of docks, and also as lessee from the dock department of the northerly side of said pier No. 40, for a term expiring May 1, 1889. The facts bearing upon the controversy are set forth in the submission, and it further appears that on February 24, 1882, the board of the department of docks passed a resolution directing the steamship company to remove the shed within thirty days from that date, and in default of doing so directing the engineer of the department to proceed to remove the same. It is stated in the submission that the steamship company asks for an injunction restraining the department of docks from interfering with the company's maintenance and use of the shed, and two questions are formulated for the decision of the court; " 1st. Have the said Cunard Steamship Company the right to maintain and use the shed during the period for which said injunction is asked for? 2d. Should the injunction asked for be granted ? "

We are of opinion that the court below, upon the case presented, had no jurisdiction to decide the controversy, or render judgment on the merits.

Section 1279 of the Code authorizes the parties to a question in difference, which might be the subject of an action, to agree upon a case containing a statement of the facts upon which the controversy depends, and present the same to the court. Section 1280 assimilates the proceeding to an action. But no relief by injunction can be granted in such a proceeding. This is expressly prohibited by section 1281, and a subsequent clause in that section declares that "if the statement of facts contained in the case is not sufficient to entitle the court to render judgment, an order must be made dismissing the submission " It is, at least, doubtful whether upon the facts stated an equitable action in the ordinary form could be maintained for an injunction. But the statute is a bar to an injunction in this proceeding, and no other relief in the nature of the

case is obtainable at this stage of the controversy. There has as yet been no interference with the plaintiff's structure. The right of the company to maintain it is denied, and the defendants threaten to remove it. This at most can give a right to an injunction in an ordinary action, and that relief, as we have said, the court in this proceeding has no jurisdiction to grant. It comes, then, to this : The parties present to the court for decision a question which if decided for the plaintiff could be followed by no relief, and if for the defendant, would not be *res judicata* in any subsequent litigation. The first clause in section 1279, is necessarily limited to controversies which can be followed by an effectual judgment on the submission. It is clear, we think, that the court below should have dismissed the proceeding.

The judgment should, therefore, be reversed and the proceeding dismissed for want of jurisdiction.

All concur.

Judgment accordingly.