## PATTERSON *v.* MUTUAL LIFE ASS'N OF AMERICA.

*(Superior Court of New York City, General Term.*  November 3, 1890.)

DISMISSAL OF AGREED CASE—INJUNCTION.

Code Civil Proc. N. Y. § 1281, prohibits the granting of relief by injunction in a case submitted on an agreed statement of facts under section 1279.  *Held,* that a case so submitted must be dismissed where the only question involved is whether the beneficiaries under a certificate of membership in a mutual life insurance association shall be paid out of its reserve fund or out of an assessment to be levied on all the holders of certificates, including that represented by the beneficiaries, as the only effective relief in their favor would be an injunction against levying the assessment.

Controversy submitted on an agreed statement of facts under Code Civil Proc. N. Y. § 1279.

Plaintiff, George T. Patterson, is one of the beneficiaries in a certificate of membership issued by defendant, the Mutual Benefit Life Association of America, to plaintiff's father, George T. Patterson, deceased.   Plaintiff claimed that this certificate is payable out of the surplus of the reserve fund above $100,000, without making an assessment, while the association insists on its right to make the assessment.   The certificate provided that on the death of George T. Patterson the beneficiaries named therein should be paid

$10,000 "from the mortuary fund of the association at the time of said death, or if such fund be insufficient, and the reserve fund be not then applicable to such payment, then from whatever moneys shall be realized from an assessment of all surviving members to be expressly made to meet said death claim, —it being understood and agreed that not more than one assessment shall be made for each death,—and no claim based upon this certificate shall be due or payable except as aforesaid, or from the reserve fund, as hereinafter provided. Upon the death of the member above named, and while this certificate of membership is in force, all the conditions hereof having been conformed to by said member, if the amount in the mortuary fund of the association is insufficient to meet said claim by death, an assessment shall be expressly made upon the holders of certificates in force at the date of such death for such a sum as has been established by the board of directors according to the age of each member, and all moneys received from such assessment, less twenty (20) per cent. to be set apart to the reserve fund, shall be exclusively used in the payment of the death claims hereunder, but not exceeding the above-named sum. From each assessment received by the association twenty (20) per cent. shall be set aside, and constitute a reserve fund, which shall be deposited with a trust company, and to be securely invested in United States bonds, bond and mortgage or other interest-bearing securities, by said trust company as trustees, for the exclusive benefit of the members of the association, and shall be exclusively used as hereinafter provided. The reserve fund above one hundred thousand dollars ($100,000) may be applied to the payment of claims in excess of the American Experience Table of Mortality, and when, under such circumstances, any claim by death is due, to the making up of any deficiency that may then exist in the mortuary fund." It was admitted that then no mortuary fund was in existence, and that the deaths of the members of the association had been in excess of the American Experience Table of Mortality. It was also admitted that the association had $180,000 in its reserve fund, which had been created from assessments levied on members of the association. It was further admitted that if plaintiff's claim was paid by an assessment he would be subject to be assessed his ratable proportion therof.

Argued before FREEDMAN and INGRAHAM, JJ.

*Joseph Kunzmann,* for plaintiff.   *Clifford A. H. Bartlett,* for defendant.

INGRAHAM, J.   This is a controversy submitted upon an agreed statement of facts for the purpose of procuring a judgment as to the right of the defendant to assess the amount that they would be required to pay upon the death of one George T. Patterson, a member of the association. By section 1281 of the Code, it is provided that, if the statement of facts contained in the case is not sufficient to enable the court to render judgment, an order must be made dismissing the submission, without costs to either party. This case comes within this provision, and it is impossible for the court, on the statement of facts contained in the case, to render any judgment authorized in such a proceeding. The question that the court is asked to determine involves a construction of section 23 of the by-laws of the association, which is substantially reproduced in the certificate issued to its members. That section provides "that the relief fund above $100,000 may be applied to the payment of claims in excess of the American Experience Table of Mortality." Both parties conceded that the plaintiff is entitled to recover from the association the amount named in the certificate, and the only point in controversy is as to whether or not the association has the right to cause an assessment to be levied upon the members of the association to pay that claim. No such assessment has yet been levied, and the only fact in relation to such assessment that is stated in the submitted case is that the association claims the right to make such an assessment. The only judgment, therefore, that

the court could give that would at all be effectual would be an injunction restraining the association from making such an assessment. In the case of *Steam-Ship Co.* v. *Voorhis*, 104 N. Y. 528, 11 N. E. Rep. 49, it was held that in such a case the court had no jurisdiction to decide the controversy or render judgment on the merits. Section 1279 of the Code authorized the parties to a question in difference, which might be the subject of an action, to agree upon a case containing a statement of facts upon which the controversy depends, and present the same to the court. Such a question must be one which might be the subject of an action, and section 1281 expressly prohibits any relief by injunction. Now on the facts presented, the only controversy that could possibly be the subject of an action would be to restrain the defendant by injunction from making the assessment, and that section 1281 prohibits. I think, therefore, that this court has no jurisdiction, and that the proceedings must be dismissed, without costs.