## SUPREME COURT.

JOHN H. SHERWOOD agt. RICHARD B. CONNOLLY, Comptroller, and others.

JOSEPH B. VARNUM, JR., agt. CHAUNCEY M. DEPEW and others.

None of the expenses of the *board of audit* for the city and county of New York, and none of the claims covered by it, can be paid, except out of a fund directed by the act creating the board (1867) to be raised for that purpose by the board of supervisors, by tax.

So long as the supervisors refuse to raise such fund, no damage can ensue to any tax payer, and he is not entitled to an injunction to restrain the action of the board of audit, even assuming the act under which they were created to be unconstitutional.

There is no remedy given under the provisions of section 3, chapter 405 of the laws of 1864, against such a body as a board of audit.

Sherwood agt. Connolly.

That section only gives a remedy in behalf of a tax payer, a member of the common council or a supervisor, *against the common council or the supervisors.*

*New York Special Term, May,* 1867.

BARNARD, J. Whatever may be the force of the objections urged to the constitutionality of the act in question, still this action is premature.

Assuming that portion of the act which creates and defines the powers of the board of audit to be unconstitutional in all its parts, still I do not see how the plaintiffs or the citizens of New York city can be damaged by the board's proceed·ing, unless the supervisors lend their aid in carrying out the act by levying a tax sufficient to cover the expenses of the board and the amount of the claims reported by it to be due from the city.

None of the expenses of the board of audit, and none of the claims covered by it, can be paid, except out of a fund directed by the act in question to be raised for that purpose by the board of supervisors by tax. No damage then can ensue, if the supervisors refuse to raise this fund.

If, however, they improperly proceed to raise the fund (and, if the act is unconstitutional, the acting on the report of the board of audit would be improper), then injury would be likely to result. A remedy may be had under section 3 of chapter 405, laws of 1864. For another reason this injunction should be dissolved. Unless the provisions of section 3 of chapter 405 of laws of 1864 apply, the plaintiffs clearly have no standing in court.

The provisions of that section only give a remedy in behalf of a taxpayer, a member of the common council or a supervisor, against the common council or the supervisors; there is no remedy given against such a body as the board of audit. I have not deemed it necessary, at this stage of the proceedings, to pass upon the various questions that have been raised by the plaintiffs' counsel. At some future period of time, if it should become necessary, these questions can be met and decided. At present, in consequence of the

interposition of the technical objection before passed upon, it would be anticipating that which is not properly before me, and which would not bind the parties, as it would be anticipating that which may never arise.

· Motion for injunction denied.