ALFRED DICKINSON et al., Respondents, *v.* ALEXANDER
DICKEY et al., Appellants.

Under the provision of the Code of Civil Procedure (New Code, § 1279), providing for the submission of a controversy upon facts admitted, the facts agreed upon must be such as will enable the court to render the proper judgment, and the submission must be by the parties to be affected thereby.

A case, purporting to be submitted under said section, was entitled the same as an action for foreclosure, which was set forth therein. It was stated, in substance, that under judgment of foreclosure and sale in said action, a referee was appointed to sell, that plaintiffs became the purchasers, and, "as such purchasers and owners," they afterwards agreed to sell to a purchaser, whose name was not given; that such purchaser objects to the title, upon the ground that the referee was not properly appointed, and the submission closed with the statement that motion was made to compel said purchaser to take title. *Held*, that the case

submitted was fatally defective; and that no decision could properly be given thereon.

(Submitted January 28, 1879; decided February 11, 1879.)

THIS was a case purporting to be submitted under section 1279 of the Code of Civil Procedure. (Reported below, 14 Hun, 617.)

The action above entitled was one to foreclose a mortgage; and the case states that a judgment of foreclosure and sale was entered therein in February, 1877; that a referee to make the sale was appointed upon the consent of the plaintiffs and all the defendants but one, a judgment creditor, who did not appear, and could not be found; that upon a sale made by such referee, the plaintiffs became the purchasers, and as such purchasers and owners, they afterward agreed to sell the premises to a purchaser, whose name is not given; that such purchaser, through his attorneys, objects to the title, upon the ground that the referee was not properly appointed, for the reason that one of the defendants failed to consent to his appointment; and that, therefore, the sheriff of Kings county should have made the sale. The submission closes with these words: "Under these circumstances, a motion is now made by Dickinson & Goldschmidt, on behalf of the plaintiffs, to compel said purchaser to take title to said premises." *Held*, that as plaintiffs are described as the present owners, it was to be assumed that they had completed the purchase and taken a deed from the referee; and having entered into agreement with some undisclosed person to sell the premises to him, this controversy was between them and him, and had nothing whatever to do with the foreclosure action; that the case submitted was entirely defective, and no decision could properly be given thereon, as section 1280 provides that upon filing the submission papers, the controversy then becomes an action, and is thereafter to proceed as an action; and judgment is to be rendered as in an action, while here there was no defendant. There could not be an action without two parties, and there could be no judgment against an undisclosed

defendant. That the name of the purchaser should have been given, and he should by name have been a party to the submission ; also, that there were no facts disclosed upon which an action for specific performance could have been maintained, as it was simply stated that the plaintiffs had agreed to sell, it was not alleged that any one had agreed to purchase. Neither the purchase-price nor any of the terms of the sale were mentioned, and the land agreed to be sold was not in any way described.

The facts agreed upon in such a submission should be such as will enable the court to render the proper judgment.

There was, therefore, no legal controversy before the court.

The court directed that the appeal be dismissed.

*Rolfe & Bergen* for appellants.

*Dickinson & Goldschmidt* for respondents.

EARL, J., reads for dismissal of appeal.
All concur.
Appeal dismissed.