THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.*
THE MUTUAL ENDOWMENT AND ACCIDENT ASSOCIATION
of BATH, Respondent.

To give the court cognizance of a case submitted under the provision of
the Code of Civil Procedure (§ 1279), providing for the submission of con-
troversies upon facts admitted, the facts stated must show that there
was, at the time the submission was made, a controversy or question of
difference between the parties on the point presented for decision, and
that a judgment can be rendered thereon; the court may not pass upon
a mere abstract question.

Where in a controversy sought to be submitted between the State and a
corporation the only relief to which the former is entitled, if any, is to
restrain the corporation from exercising franchises unlawfully, the pro-
ceeding should be dismissed, as that relief may not be given therein.
(Code, § 1281.)

(Argued May 8, 1883; decided June 5, 1883.)

APPEAL from judgment of the General Term of the Su-
preme Court, in the third judicial department, in favor of
defendant, entered upon a case submitted under section 1279
of the Code.

The facts stated were substantially these:

Defendant is a corporation organized under the act providing
"for the incorporation of societies or clubs for certain lawful
purposes" (Chap. 267, Laws of 1875, as amended by chap. 58,
Laws of 1876, and chap. 98, Laws of 1880). By its constitu-
tion and by-laws, which were set forth in the case, it appeared
that defendant contemplated to aid its members in case of acci-
dent, "to advance to them means during their life-time, and to
pay to their widows, child, children or legatees, in case of their
deaths," such sums as the articles provided for.

The association issued two certificates of membership. Those
issued in class "A" provide that the member, or such person
as he shall by his will name, shall be entitled, upon his death,
to one dollar for every member, not exceeding a sum specified,
deducting therefrom any amount the member may have re-
ceived at the expiration of two-thirds of his life expectancy.

By the by-laws it is provided that upon the expiration of two-thirds of the life expectancy of any member, if he require it, he is entitled to one-half the amount provided for at his death. The further facts are stated in the opinion.

*Leslie W. Russell,* attorney-general, for appellant.

*M. Rumsey Miller* for respondent.

*Per Curiam.* It does not appear by the agreed statement that there is any controversy or question in difference between the parties. The submission sets forth the articles of association of the defendant and the by-laws of the association, and the form of the certificate issued to its members, comprising class "A," and states that the company have issued to such members a certificate in the form as set forth, and that the defendant has never deposited $100,000, or any other sum, with the insurance department for any purpose whatever.

The question submitted is, "whether the defendant has the right to insert in the certificate of membership a provision for the payment of a sum not to exceed one-half of the amount stated in such certificate, upon the expiration of two-thirds of the life expectancy of the member, without depositing with the insurance department $100,000 for the protection of those members holding such certificates."

There is no statement that there is any controversy or question of difference between the parties upon the point presented for decision. The only statement is that the plaintiff insists that the defendant has no right to issue certificates in the form stated, and that such certificates are illegal. It is not alleged that the defendant asserted such right at the time when the submission was made, or did not yield to the claim of the plaintiffs. It is not inconsistent with the statement that the company had abandoned its use of the certificates. The question propounded may, so far as appears, be a mere abstract one not involving any actual difference or controversy. If the defendant is exercising franchises not conferred, or without

·complying with statutory conditions, it may be restrained by application to the court, but that relief cannot be given by any judgment which may be rendered in this proceeding. (Code, § 1281.)

The judgment should be reversed and the proceeding dismissed, without costs. (*Dickinson* v. *Dickey*, 76 N. Y. 602.)

All concur, except MILLER, J., absent.

Judgment reversed.