THE TOWN OF SALAMANCA, Plaintiff, *v.* THE COUNTY OF CATTARAUGUS, Defendant.

*Board of supervisors — power to act through agents — submission of a controversy, when unauthorized.*

The board of supervisors of a county may act through agents, but where an agent is required to discharge any of the duties of the board there should be no question as to the intention to delegate such power to him.

If the parties to the submission of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure, are natural persons, they should execute the agreement to submit, and the requisite affidavit should be made by one of them.

The fact that the board of supervisors of a county passed a resolution to the effect that they employ "Messrs. Hazard and Nash to attend to the county interest in the bridge cases now pending before the board," and also subsequently passed another resolution that "N. M. Allen, Esq., be employed to act with Messrs. Hazard and Nash in defending the interests of the county in any suit brought against the county for reimbursement of moneys paid out for bridge purposes," gives no authority to such attorneys to execute an agreement submitting the matter in controversy to the court upon an agreed statement of facts, nor to agree upon facts which would relieve the board of supervisors of the power of auditing the claims in question, and the Supreme Court has no jurisdiction to determine a controversy so submitted.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

*O. S. Vreeland,* for the plaintiff.

*William H. Henderson,* for the defendant.

HAIGHT, J.:

At the annual session of the board of supervisors of the county of Cattaraugus a claim was presented on behalf of the town of Salamanca for $7,620.98 for money expended by its highway commissioner in the erection of bridges within the town in excess of one-sixth of one per centum of the assessed valuation of the taxable property of the town for that year. The claim was rejected, and a resolution passed that the board employ "Messrs. Hazard and Nash to attend to the county interest in the bridge cases now pending before the board," and also another resolution, that "N. M. Allen, Esq., be employed to act with Messrs. Hazard and Nash in defend-

ing the interests of the county in any suit brought against the county for reimbursement of moneys paid out for bridge purposes." Thereupon Messrs. Allen, Nash and Hazard executed an agreement in writing with J. S. Whipple, the supervisor of the town of Salamanca, submitting the matter in controversy to this court upon facts agreed upon.

The controversy between the town and the county would seem to involve a construction of sections 130, 132 and 133 of chapter 568 of the Laws of 1890, but we are only called upon to answer certain questions involving abstract questions of law and not for the awarding of any judgment. (*The People, etc.,* v. *The M. E. & A. Association,* 92 N. Y. 622.)

Again, there is a question as to whether the attorneys representing the board of supervisors had the authority to agree upon the facts and submit the matter in controversy. Allen, as we have seen, was employed to act with Hazard & Nash to defend the interests of the county in any suits brought. Hazard & Nash were employed to attend to the county's interest in the bridge cases pending before the board. This is all of the authority that appears to have been delegated to them. The Code (§ 1279) provides that " The *parties* to a question in difference which might be the subject of an action, being of full age, may agree upon a case. * * * The case must be accompanied with the affidavit of one of the parties to the effect that the controversy is real. * * * The submission must be acknowledged or proved and certified in like manner as a deed to be recorded in the county where it is filed."

If the parties to the submission had been natural persons they should have executed the agreement, and the affidavit should have been made by one of them. (*Bloomfield* v. *Ketcham,* 95 N. Y. 657.)

The board of supervisors possibly may act through agents, but where an agent is required to discharge any of the duties of the board there should be no question as to the intention to delegate such power to him. The board of supervisors doubtless had the right to audit and determine the amount that had been expended during the year by the highway commissioner of the town. The amount so expended is definitely fixed in the facts agreed upon accompanying the submission, so that we are confronted with the

question as to whether the attorneys representing the county were authorized, *first,* to agree upon a submission of the matter in controversy; and, *second,* to agree upon facts which would relieve the board of the power of auditing the claim. Our conclusion is that authority was not given, and consequently we have not jurisdiction to determine the controversy.

It may be, as is claimed, that those representing the town have been misled by the attorneys representing the county. They joined with the representative of the town in submitting the controversy to the court for its determination, and then, upon the argument, took the position that the submission should not be acted upon by the court. Their practice is not to be commended. But this cannot affect the question of our jurisdiction.

The proceeding must be dismissed, but without costs.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

The proceedings dismissed, without costs to either party.