### CLAPP v. GUY.

(Supreme Court, Appellate Division, Second Department.   June 7, 1898.)

SUBMISSION OF CONTROVERSY—GROUNDS FOR RELIEF.

   The agreed statement of facts upon which a controversy was submitted, under Code Civ. Proc. § 1279, merely set forth that the plaintiff was elected a coroner in Queens county in 1896, for a term of three years, and that the defendant was elected a borough coroner of the borough of Queens in 1897 for a term of four years, and that during the year 1898 the plaintiff had claimed the right to act as coroner for the whole county, while the defendant had claimed to act as coroner for the borough, to the exclusion of the plaintiff from that part of the county, and a decision was sought concerning the effect upon their respective offices of the Greater New York charter.   Held, that as there was no allegation that the claims were accompanied by acts of interference, affording a basis for legal or equitable relief, and the plaintiff did not appear to have been harmed by the defendant's claim, the questions as presented did not require or permit any adjudication.

Submission of controversy on agreed statement of facts between Ira M. Clapp and Samuel S. Guy.    Dismissed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

F. H. Van Vechten, for plaintiff.
Almet F. Jenks, for defendant.

WILLARD BARTLETT, J.    In 1896 the plaintiff, who then resided and still resides in the town of Flushing, was elected a coroner in and for the county of Queens for a term of three years from January 1, 1897.    He duly qualified, and entered upon the performance of his duties.    By the operation of the Greater New York charter (Laws 1897, c. 378), the town of Flushing has become a part of the city of New York, and is now included in the division of the city known as the borough of Queens.    In 1897 the defendant was elected a coroner of this new borough, for a term of four years from January 1, 1898.    He has also duly qualified and entered upon the performance of his duties.    Since the beginning of the present year the plaintiff "has claimed the right to exercise the functions and duties appertaining to the office of a coroner of the county of Queens, within that part of said county included within the said borough of Queens; and the defendant has claimed to exercise, and has exercised, jurisdiction as a borough coroner within the said borough of Queens, to the exclusion of the plaintiff."    Furthermore, the officials of the health department of the city of New York have refused to recognize the official acts of the plaintiff as a coroner within the borough of Queens.

The foregoing is a summary of the facts stated by the parties to this controversy in the case which they have submitted to this court for determination.    In that case they ask us to answer three questions, as follows:    First. Did the charter of the city of New York operate to terminate the office of the plaintiff as a coroner of Queens county?    Second. If said office still continues, does the charter of the city of New York devest coroners of Queens county of jurisdiction within that part of said Queens county included within the city of New York?    Third. Have the borough coroners elected in the borough of Queens, pursuant to section 1570 of the Greater New York charter, exclusive jurisdiction of all coroners' cases within the borough of Queens?

In my opinion, these questions are not presented under such circumstances as to require or permit any adjudication upon them in this proceeding.    The submission of the controversy, under the Code of Civil Procedure, must relate to "a question in difference which might be the subject of an action."    Code Civ. Proc. § 1279.    This does not mean that the opinion of the appellate division can be obtained in a proceeding of this character upon a mooted question of law, merely because the answer thereto would or might be a guide to the determination of a lawsuit between the parties interested, to be instituted upon other and further facts than those stated.    The Code contemplates the existence and presentation of a state of facts

upon which the person named as plaintiff in the submission could bring an action at law or in equity against the person named therein as defendant, and which of themselves, if established by proof in such an action, would entitle the person named as plaintiff to some sort of a judgment against his adversary, if the court agreed with the plaintiff as to the law applicable to the facts. Nothing of the sort is set forth in the present submission. It appears that the plaintiff was elected a county coroner in 1896, and that the defendant was elected a borough coroner in 1897; that during the present year the plaintiff has claimed the right to act as coroner for the whole county, while the defendant has claimed to act as coroner for the borough, to the exclusion of the plaintiff from that part of the county. Claims of this sort, however, amount to nothing, unless they are accompanied by acts which constitute some sort of interference with the person against whom the claim is made. They afford no basis for legal or equitable relief to the latter party. The plaintiff does not appear in any wise to be harmed by the claim which he alleges the defendant has made to exercise exclusive jurisdiction as coroner in the borough of Queens; and, in the absence of some substantial injury to him arising out of the pretensions of the defendant, he can well afford to ignore the claims of the latter. At all events, this court must ignore them. The statement of facts contained in the case is not sufficient to enable the court to render judgment in the proceeding, and therefore the submission should be dismissed. Code Civ. Proc. § 1281.

Submission dismissed, without costs to either party. All concur.

CULLEN, J. I concur, and am also of opinion that, after the decision in People v. Blair, 21 App. Div. 213, 47 N. Y. Supp. 495, an answer to these moot questions is unnecessary.