(99 App. Div. 364)

PEOPLE ex rel. SIMPSON v. WELLS et al., Tax Com'rs.

(Supreme Court, Appellate Division, First Department. December 23, 1904.)

1. STATUTES—CONSTITUTIONALITY—REVIEW.

The constitutionality of a statute will not be determined except on presentation of a case in which a determination is unavoidable.

2. SAME—TAXATION—ASSESSMENTS—CERTIORARI—PETITION.

Where a petition for a writ of certiorari to review an increased tax assessment made before the books were closed, as authorized by Greater New York Charter, § 896 (Laws 1901, p. 381, c. 466), failed to allege that relator did not receive notice or that he did not have abundant opportunity to be heard, it was not sufficient to present the question of the constitutionality of such act on the ground that it might be so construed as to authorize the increase of assessments at a time when the taxpayer's right to a hearing had expired.

Appeal from Special Term.

Certiorari by the people, on relation of Thomas Simpson, against James L. Wells and others, commissioners of taxation. From an order quashing and superseding the writ, relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Arthur Neville, for appellant.
George S. Coleman, for respondents.

PATTERSON, J. This appeal is from an order of the Special Term quashing and superseding a writ of certiorari which the relator had procured to review a final assessment of real property for the purposes of taxation for the year 1903. It appears by the petition for the writ that there were three pieces of real estate of which the petitioner was the lessee under covenant to pay taxes on the property during the continuance of the lease; that on the second Monday of January, 1903, the tax commissioners had assessed the valuations of such properties, one piece at $70,000, another at $35,000, and another at $32,000. The petitioner did not make application to have such valuations changed. On the 25th of March, 1903, the commissioners, acting under section 896 of the Greater New York Charter (Laws 1901, p. 381, c. 466), increased the total valuations of the real estate of the relator previously made by adding thereto the sum of $43,000. The board of aldermen confirmed the increased or new assessment, and a tax was levied thereon. The action of the tax commissioners was taken under section 896 of the charter, which reads as follows:

"The board of taxes and assessments may increase at any time before the first day of April in each year, or may diminish at any time before the closing of the books of 'annual record,' on the first day of April in each year, the assessed valuation of any real or personal estate of any individual or corporation, as in its judgment may be just or necessary for the equalization of taxation; but it shall not increase such valuations of the property of any individual or corporation after said books are open for correction and review, except upon notice given to the individual or corporation affected by such increase at least ten days before the fifteenth day of April in each year."

The relator sought to have that provision of the charter declared unconstitutional and void, and the ground upon which his argument is based is that it contravenes the provisions of section 1 of article 14 of the Constitution of the United States, and section 6 of article 1 of the Constitution of the state of New York, in that it fails to provide for giving notice to persons affected by such increase, and an opportunity to be heard, before the assessment becomes conclusive against them, and that, the provision being unconstitutional, there was no authority on the part of the board of taxes and assessments to increase assessments after the second Monday in January, and in doing so they acted without jurisdiction. The order appealed from quashing the writ was granted evidently on the ground that the petition for the writ does not state facts sufficient to show that the assessment, to review which the writ was issued, is illegal or erroneous.

The petition is fatally defective. It does not show facts which would authorize the court to condemn, at the relator's invitation, the statute in question as being unconstitutional. Courts, whether of original or appellate jurisdiction, will not inquire into the constitutionality of an act of the Legislature until a concrete case arises in which a decision of such a question is unavoidable for the determination of the case itself. Demarest v. The Mayor, 147 N. Y. 207, 41 N. E. 405; People v. Brooklyn F. & C. I. R. Co., 89 N. Y. 93; People ex rel. Woods v. Crissey, 91 N. Y. 622; Frees v. Ford, 6 N. Y. 177. Before the relator can ask the court to determine the question he seeks to raise, he must show that he has a right which requires a determination of the constitutionality of the act by force of which he claims he is being deprived of his property without due process of law. The substantial ground of his application here is that the law permits tax commissioners to increase assessments after the books of annual record are closed on the 1st day of April, and that it may be so construed as to authorize the increase of assessments at a time when the taxpayer's right to a hearing may have expired. The assessment of this relator's property was increased before the books were closed. Section 896 of the charter provides for giving notice. It is nowhere alleged in the petition for the writ that the relator did not receive notice, or that he did not have abundant opportunity to be heard by the commissioners, before the increased valuation became a finality. There is no presumption that notice was not sent him and an opportunity for a hearing afforded. If there were any presumption at all, it would be the other way. The relator's concrete case, therefore, is that, at a time before the books were closed, the assessment for the purpose of taxation of his property was increased under a statute which permitted it, but how he was wronged thereby is not disclosed. The court below was right in quashing the writ for the want of sufficient allegations of fact to enable the relator to raise the constitutional question he sought to have decided.

The order should be affirmed, with costs. All concur. LAUGHLIN, J., concurs in result.