TINKER v. O'DELL et al.

(Supreme Court, Appellate Division, Second Department. October 12, 1909.)

HIGHWAYS (§ 107*)—ACTIONS—TIME TO SUE.

Where a town board and board of highway commissioners appropriated money for improving a road, but it was apparent from their resolutions that no money was intended to be expended or work done until it had been ascertained whether the town owned the road, and, if it did, what would be the cost of the improvement as ascertained by an engineer and reported, and it did not appear that there had been a report upon either question, or that the highway commissioners had expended or intended to expend any money until the reports were received and considered, a suit to restrain certain of the town authorities from improving the road was prematurely brought.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 107.*]

Appeal from Special Term, Suffolk County.

Action by Henry C. Tinker against Charles J. O'Dell and others, as trustees of the Freeholders and Commonalty of the Township of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Brookhaven, and others. Judgment of dismissal, and plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

Charles Benner, for appellant.

George H. Furman, for respondents.

RICH, J. I think the action was prematurely brought, and for that reason the complaint was properly dismissed. Before the plaintiff could succeed, it was incumbent upon him to establish that the defendants as town officers were doing or about to do some illegal act, which he failed to do. A resolution was adopted by the town board and board of highway commissioners, sitting together, on July 11, 1906, reciting it to be the sense of the meeting that of the moneys appropriated by the town board for highway purposes in October following the sum of $2,000 be devoted to the work of improving the shore road at Port Jefferson, and that the highway commissioners be authorized to expend said sum, to be paid in February, 1907. Before the next meeting some question had apparently arisen as to the title of the town to the road which it was proposed to improve, and the following resolution was then (August 24, 1906) adopted: "Resolved: That the supervisor be authorized to employ counsel to determine if the town owns the road around George's Neck"—and, if the town does own said road, a competent engineer be employed to ascertain the cost of construction of the road, and report at the next meeting of the board. The effect of this resolution was to hold the contemplated improvement in abeyance until its cost and the ownership of the town had been ascertained. On September 4th following "Supervisor Bennett as committee to ascertain whether the town owned the road around George's Neck reported progress in the matter," and it was resolved that the sum of $25,000 be appropriated for maintenance of highways the ensuing year, $2,000 of which was to be devoted to the building of the road around "George's Neck," the preliminary expenses of which Commissioner Darling was directed to pay from said $2,000. In March, 1907, before any specific work was ordered or commenced, or any action taken by the town authorities other than the adoption of these resolutions, and while the town was engaged in ascertaining whether it owned the road proposed to be improved, the plaintiff commenced this action alleging in his complaint that he was a taxpayer; that the defendants "threaten and intend illegally to expend and to authorize and allow the illegal and wasteful expenditure of said sum of $2,000 * * * in the 'construction' or 'repair' of said alleged road"; that the expenditure of said money would be a waste of the funds of the town for the reasons that the locality designated by the town board as "George's Neck" was not in fact and never had been the "George's Neck" referred to in resolutions of the board of trustees in 1672 and 1905, the latter of which set aside three rods of the town's property as a highway running around "George's Neck" and placing the control of said highway under the management of the highway commission-

ers of the town; that the road in question was not a legally opened highway, or, if it was, that it had never been worked by the highway commissioners and had been abandoned; and that he was the legal owner of a part of the premises over which it was proposed to construct the highway.

Reading the resolutions together, it is apparent that no money was intended to be expended or work done until it had been ascertained, first, whether the town was the owner of the road to be improved; and, second, if it was, the cost of such improvement to be ascertained by a competent engineer and reported. There is no evidence in the record showing a report upon either question or that the highway commissioners had expended or intended to expend any money until such reports were received and considered. No act or words of the town officials or either of them warranting the belief that they were doing or intended to do any work or make any expenditure connected with the proposed improvement until they had determined the ownership of the road by the town appears from the record. It is not the purpose of this action to restrain the authorities from including in the amount raised for highway purposes the $2,000 authorized to be used for the improvement or from the levying of the tax containing the same. The relief sought is the restraining of such of the town authorities as are made defendants from constructing or improving a highway, and while, by the resolution adopted on September 4th, a commissioner was authorized to pay for the preliminary work out of the fund designated for the improvement, it does not follow that such preliminary work other than that of counsel in ascertaining the title of the town, which the authorities clearly had the right to incur, was to be done. When read in connection with the other resolutions, it is clear that the intention of the boards was that such acts other than the employment and work of counsel in ascertaining title were not to be performed until the ownership and rights of the town dependent thereon had been ascertained.

In the absence of any evidence of an illegal act done or intended to be done, the action was prematurely commenced, and the complaint properly dismissed.

The judgment must therefore be affirmed, with costs. All concur.