JAMES HANRAHAN, Appellant, v. TERMINAL STATION COMMISSION OF THE CITY OF BUFFALO et al., Respondents, and THE CITY OF BUFFALO, Appellant.

Municipal corporations — taxpayer's action — when such action cannot be maintained against municipal officers — constitutional law; courts will not determine abstract questions thereof — submission of a controversy — courts cannot entertain such submission unless action could be based on facts presented and all persons interested are parties thereto.

1. Where a taxpayer is in no danger of being required to contribute to a municipal expenditure claimed by him to be illegal, but so far as appears the officers charged therewith have refused to make the alleged wasteful expenditure, an action cannot be maintained under section 1925 of the Code of Civil Procedure. In order to obtain relief in such an action all the parties interested should be brought in.

2. Courts will not inquire into the constitutionality of an act of the legislature until a concrete case arises in which a decision of such question is unavoidable for the determination of the case itself. Abstract questions will not be answered, although it may appear that at some time in the future they will probably be the subject of a real controversy.

3. The Code of Civil Procedure, sections 1279-1281, does not mean that the opinion of the Appellate Division can be obtained thereunder in the submission of a controversy upon a mooted ques-

tion of law, but contemplates the existence and presentation of a state of facts upon which the person named as plaintiff in the submission could bring an action at law or in equity against the person named therein as defendant, and where the determination of the court can be placed in a judgment or final order forever controlling upon the parties and their privies, and in which final process can be issued to carry the judgment or order into effect.

4. The submitted controversy is dismissed upon the ground that the case submitted does not present a question in difference which might be the subject of an action. (*Admiral Realty Co.* v. *City of New York*, 206 N. Y. 110, distinguished.)

*Hanrahan* v. *Terminal Station Commission*, 152 App. Div. 349, reversed.

(Argued October 23, 1912; decided November 26, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 18, 1912, in favor of defendants, respondents, upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*Thomas C. Burke* for plaintiff, appellant. The submission of the controversy between the parties was proper. (*Admiral Realty Co.* v. *City of New York*, 206 N. Y. 110; 76 Misc. Rep. 345.)

*Clark H. Hammond, Corporation Counsel* (*Harry D. Sanders* and *William S. Rann* of counsel), for defendant, appellant.

*Simon Fleischmann, Louis E. Desbecker* and *Roland Crangle* for Charles H. McCutcheon, intervenor. The stipulated statement of controversy does not state facts constituting a cause of action, presents no actual controversy for judicial determination, and should, therefore, have been dismissed, other than upon the merits. (*Osterhoudt* v. *Bd. of Suprs.*, 98 N. Y. 239; *Steinbach* v. *Prudential Ins. Co.*, 172 N. Y. 171; *Mahr* v. *Norwich Ins.*

*Co.,* 127 N. Y. 452; *Elias* v. *Schweyer,* 13 App. Div. 336; *Cook* v. *Lake,* 50 App. Div. 92; *Busch* v. *Coler,* 60 App. Div. 47; *Bauer* v. *Parker,* 82 App. Div. 189; *Pollitz* v. *Wabash R. R. Co.,* 142 App. Div. 755; *Ackerman* v. *True,* 120 App. Div. 172; *People* v. *McClellan,* 119 App. Div. 416; *Armstrong* v. *Fitch,* 113 App. Div. 317; *Maneely* v. *City,* 119 App. Div. 376; *Doyle* v. *Olson Co.,* 132 App. Div. 200; *Kennedy* v. *Mayor, etc.,* 79 N. Y. 361.) The present action, which is solely a statutory taxpayer's action, will not lie, as the statement of facts shows that no illegal official act by any official of the city of Buffalo or waste or injury to its property is contemplated or threatened. (Code Civ. Pro. § 1279; *Woodruff* v. *People,* 193 N. Y. 560; *Cunard S. S. Co.* v. *Voorhis,* 104 N. Y. 526; *People* v. *Mutual Assn.,* 92 N. Y. 622; *Dickinson* v. *Dickey,* 76 N. Y. 602; *Clapp* v. *Guy,* 31 App. Div. 535; *McGoldrick* v. *Budkin,* 140 App. Div. 196; *Clark* v. *Wise,* 46 N. Y. 612; *Fearing* v. *Erwin,* 55 N. Y. 486; *Marx* v. *Brogan,* 188 N. Y. 431; *Tinker* v. *Odell,* 134 App. Div. 272; *Sherwood* v. *Connolly,* 35 How. Pr. 124.) As the city of Buffalo in its corporate entity has alone been made a party defendant, and none of its officers, agents or other representatives have been made parties thereto, there is a fatal defect of parties defendant for the maintenance of a taxpayer's action. (*Wenk* v. *City of New York,* 171 N. Y. 607; *Wilkins* v. *Mayor, etc.,* 9 Misc. Rep. 610; *Melody* v. *Goodrich,* 67 App. Div. 368; *People* v. *Canal Board,* 55 N. Y. 394.)

*Wilber E. Houpt* for respondents. The case is properly before the court. (*Admiral Realty Co.* v. *City of New York,* 206 N. Y. 110.)

Chase, J. This is an alleged controversy submitted without process pursuant to section 1279 of the Code of Civil Procedure. That section provides: "The parties to a question in difference, which might be the subject of an

action, being of full age, may agree upon a case, containing a statement of the facts, upon which the controversy depends; and may present a written submission thereof to a court of record, which would have jurisdiction of an action, brought for the same cause.   *   *   * "

By section 1280 of said Code it is provided that from the filing of the papers constituting the submission the controversy becomes an action and each provision of law relating to a proceeding in an action applies to the subsequent proceedings therein except as otherwise provided in section 1281 of said Code.

By section 1281 of said Code it is provided that " If the statement of facts, contained in the case, is not sufficient to enable the court to render judgment, an order must be made dismissing the submission, without costs to either party."

The facts agreed upon in this action include a statement of the organization and existence of the city of Buffalo as a municipal corporation; of the passage of chapter 842 of the Laws of 1911, entitled " An act creating a railway terminal station commission of the city of Buffalo, defining its powers and authorizing said city to issue its bonds," and a copy of said act; of the names of the mayor, commissioner of public works and chairman of the grade crossing commission of said city; of the acceptance by the commissioners named of their appointment as in said act provided; that the New York, Lackawanna and Western Railway Company is the owner, and the Delaware, Lackawanna and Western Railroad Company the lessee of a railroad whose tracks are operated and maintained at grade on certain named streets of said city; that a large number of coal, freight and passenger trains of said railroads are operated on said streets daily, and that the operation of said trains is dangerous to the lives and limbs of the people passing over said tracks; that the plan to carry out which " said commission is about to enter into a contract with said

32

railroads " will result in eliminating all of said tracks which are at grade except one; that there are a number of other railroads entering and operating within the city of Buffalo, whose stations and terminal facilities are congested and inadequate and over which the commission proposes to assert its jurisdiction under said act; that about December 19, 1911, more than seven of said commissioners made known a plan proposed to be adopted by them for the purpose of relieving the congested condition of the railroad station and terminals of said New York, Lackawanna and Western Railway Company, lessor, and the Delaware, Lackawanna and Western Railroad Company, lessee, and copies of the plans are annexed; that a hearing has been had as provided by the act, and the plans have been adopted with certain specified amendments; that more than seven of said commissioners are about to contract with said New York, Lackawanna and Western Railway Company and said Delaware, Lackawanna and Western Railroad Company on behalf of said city of Buffalo.

It does not in any way appear from the case, except by inference from the facts enumerated, whether the said railroad companies are willing to join with said commissioners in the execution of said contract.

After a statement of the facts agreed upon, which have been very briefly enumerated, the case continues with the following paragraphs:

" 8. That all of the provisions of said act which by its terms are made prerequisites to the demanding by said Commissioners of the issue of the bonds of said City of Buffalo, have been duly complied with and the *only questions hereby raised* are as to the constitutionality of Chapter 842 of the Laws of 1911 of the State of New York, and the *validity of said plan and said proposed contract* with said New York, Lackawanna and Western Railway Company, and said Delaware, Lackawanna and Western Railroad Company *under said act or other-*

*wise, shall not be determined on this submission or in this action.*"

"9. That said Commissioners have already incurred expenses for the publication of notices required by section 3 of said act and also for the services of their said attorney employed by them and for other purposes authorized by said act, which expenses exceed the sum of $5,000, for which said Commissioners claim said city is liable and *payment of which they have demanded* from said city and have *asked said city to issue its bonds for such purpose,* and that the Board of Aldermen of said city has *refused to determine the amounts, maturity or rate of interest* of the issue of bonds demanded by said commission."

The case then includes a statement that the plaintiff is a citizen, resident and taxpayer of the city of Buffalo, and the owner of real property in said city which is assessed therein for $10,000 and upwards.

It alleges that the plaintiff and the defendant city claim that said act is unconstitutional for certain specified reasons, and concludes as follows:

"Wherefore, plaintiff and defendants agree that this Honorable Court shall *determine the constitutionality of said act* — Chapter 842 of the Laws of 1911 of the State of New York — and upon the facts aforesaid render judgment:

"1st. *As to whether* said Commissioners named in said act and said Commission are a legally and lawfully constituted body.

"2d. *As to whether* the said expenses incurred by said Commissioners as aforesaid and amounting to $5,000 are a proper and legal charge against or upon the said City of Buffalo, and whether said city is liable therefor.

"3d. *As to whether* the said City of Buffalo can legally issue and whether it can be compelled to issue its bonds for the purpose of paying the aforesaid $5,000 expenses of said Commissioners.

"4th. *As to whether* the plaintiff is entitled to an injunction preventing the issuing of the aforesaid bonds, the payment of the said expenses of said Commissioners, or other equitable or injunctive relief herein incident thereto, and the granting of such judgment and relief as may be proper."

The action was tried by the Appellate Division in the fourth department and judgment was rendered as follows:

"It is hereby adjudged that said 'Terminal Station Commission of the City of Buffalo' have judgment as follows, and it is adjudged:

"*First.* That the Commissioners named herein and in said Act, known as Chapter 842 of the Laws of 1911 of the State of New York, viz.:  *  *  *  and also the said 'Terminal Station Commission of the City of Buffalo' created by said Act *are a legally and lawfully consti-tuted body.*

"*Second.* That the expenses incurred by said Commissioners, amounting to $5,000 *are a proper and legal charge* against the City of Buffalo and that said city *is liable therefor.*

"*Third.* That the City of Buffalo *can legally issue,* and it *can be compelled to issue,* its bonds for the purpose of paying the aforesaid $5,000, the expenses of said Commission.

"*Fourth.* That plaintiff *is not entitled* to an injunction preventing the issue of said bonds or the payment of said expenses of said Commissioners, or to any other equitable or injunctive relief."

It appears from the case that the action is sought to be maintained by a taxpayer to prevent waste of the funds of the city of Buffalo because of his liability to contribute to the payment of any funds which may be so wasted.

It does not appear that there is any special statute authorizing such an action. It must be maintained, if at all, pursuant to the provisions of section 1925 of the Code

of Civil Procedure, which, so far as now material, are as follows: " An action to obtain a judgment, preventing waste of, or injury to, the estate, funds, or other property of a county, town, city or incorporated village of the State, may be maintained against any officer thereof, or any agent, commissioner, or other person, acting in its behalf, either by a citizen, resident therein, or by a corporation who is assessed,   *   *   * "   or the provisions of section 51 of the General Municipal Law (Cons. Laws, ch. 24) which, so far as now material, are as follows: "All officers, agents, commissioners and other persons acting, or who have acted, for and on behalf of any county, town, village or municipal corporation in this State, and each and every one of them, may be prosecuted, and an action may be maintained against them to prevent any illegal official act on the part of any such officers, agents, commissioners or other persons, or to prevent waste or injury to, or to restore and make good, any property, funds or estate of such county, town, village or municipal corporation   *   *   *."

The parties to the action sought to obtain answers to the questions enumerated, and so far have succeeded without asking for or obtaining a judgment deciding any specific matter in difference which might be the subject of an action between them or adjudging any relief whatever.

The questions are of great importance, and the commissioners naturally desire to have the opinion of the courts thereon to aid as a guide to them in their future action.   They may have to be passed upon by the courts at some future time, but they do not arise from the facts submitted in this case in a way to require or permit a judgment to prevent waste of the funds of the city or any illegal official act by officers, agents, commissioners or other persons in its behalf.

If all the facts stated in the case were included in a complaint in an action it would be demurrable as not stating facts sufficient to constitute a cause of action.   It is

claimed by the plaintiff that the case requires a determination of the constitutionality of the act because of the danger which the plaintiff is in as a taxpayer by reason of the proposed execution of said contract and the payment of said expenses.

Neither of said railroad corporations are a party to this action. (See *Dickinson* v. *Dickey*, 76 N. Y. 602.) Any judgment rendered herein will not bind them.

It also distinctly appears by the case that it is not sought by any judgment in the action to prevent even the commissioners from entering into a contract with said railroad corporations or to prevent any other alleged illegal act relating to the plans or the contract.

It does not appear from the case that the plaintiff as a taxpayer is in danger of being required to contribute to the payment of the alleged illegal expenditure of $5,000 and upwards, but so far as appears the officers of the city charged by the act with the duty of determining the amount of bonds to be issued, the time of payment and rate of interest thereon, refuse to take the necessary steps to enable the mayor and comptroller of the city to issue the bonds and pay such or any other amount. The conclusion necessarily to be reached from the case is that the city and the officers thereof refuse to pay or provide for the payment of the expenses of the commissioners. It does not appear in terms that further expenditures will be made in the name of the city unless the commissioners are prevented by injunction. Moreover, the plaintiff and the city of Buffalo assert that the commissioners, who are the only individuals made parties defendant in the action, are not officers of the city because, as is asserted by them, the act referred to by which they are named is void and unenforceable. No officer of the city, other than said commissioners thus named, is made a party to the submission. It is clear, therefore, that the case does not show that the parties thereto are "parties to a question in difference which might be the subject of an action."

The questions presented by the parties and answered in the alleged judgment are, so far as appears, or so far as the plaintiff is now concerned, academic.   The answers do not result in a determination of a real controversy. The first three paragraphs of the alleged judgment are in form and in fact expressions of opinion upon questions of law.   The fourth paragraph is also a mere statement of an opinion that the plaintiff as a taxpayer has not shown himself entitled to an injunction preventing the issue of bonds or the payment of the expenses of the commission.   As there does not appear from the case to have been any intention by the parties that either should be issued, and as no facts are submitted upon which a permanent injunction would have been justified, we concur in the opinion of the Appellate Division that the plaintiff is not, upon the case submitted, entitled to an injunction of any kind.

The alleged judgment is in all its parts merely and only a statement of the opinion of the members of the court.   Its practical value is illustrated and to some extent measured by considering it in connection with an opinion expressed by the attorney-general as the recognized law officer of the state.   If a letter embodying the same facts as stated in the case should be addressed to the attorney-general, asking for his opinion on the four questions enumerated, and he should give an opinion in reply, it would, like the alleged judgment of the court herein, be entitled to such weight and such weight only as the persons and courts thereafter considering it should give to it in view of the statement of reasons accompanying it and the known judgment and experience of the person expressing the opinion and of the persons concurring in it.

The provisions of statute authorizing the submission of a controversy are limited to controversies which can be followed by an effective judgment on the submission. (*Cunard Steamship Co.* v. *Voorhis*, 104 N. Y. 525;

*People* v. *Mutual E. & A. Assn.*, 92 N. Y. 622; *Dickinson* v. *Dickey, supra; Clapp* v. *Guy,* 31 App. Div. 535; *Woodruff* v. *People,* 193 N. Y. 560; *Tinker* v. *O'Dell,* 134 App. Div. 272; *Sherwood* v. *Connolly,* 35 How. Pr. 124; *Melody* v. *Goodrich,* 67 App. Div. 368; *Trustees of Hobart College* v. *Fitzhugh,* 27 N. Y. 130; *People* v. *Canal Board,* 55 N. Y. 390.) Courts will not inquire into the constitutionality of an act of the legislature until a concrete case arises in which a decision of such question is unavoidable for the determination of the case itself. (*Demarest* v. *Mayor, etc., of N. Y.*, 147 N. Y. 203; *People* v. *Brooklyn, F. & C. I. R. Co.*, 89 N. Y. 75; *People ex rel. Simpson* v. *Wells,* 99 App. Div. 364; affd., 181 N. Y. 252; *People ex rel. Woods* v. *Crissey,* 91 N. Y. 616; Cooley on Const. Lim. [7th ed.].chap. 7.)

Where a complainant has sustained no injury and the object of the action is merely to obtain a declaration as to the. constitutionality of a legislative act, the question presented to the court is merely an abstract one and the action will be dismissed. (*Williams* v. *Hagood,* 98 U. S. 72.)

The Code does not mean that the opinion of the Appellate Division can be obtained in a proceeding of this character upon a mooted question of law, merely because the answer thereto would or might be a guide to the determination of a lawsuit between the parties interested to be instituted upon other and further facts than those stated. The Code contemplates the existence and presentation of a state of facts upon which the person named as plaintiff in the submission could bring an action at law or in equity against the person named therein as defendant, and which of themselves, if established by proof in such an action, would entitle the person named as plaintiff to some sort of a judgment against his adversary, if the court agreed with the plaintiff as to the law applicable to the facts. (*Clapp* v. *Guy, supra; Woodruff* v. *People, supra.*)

Abstract questions cannot be made the subject of an action. They will not be answered, although it may appear that at some time in the future they will probably be the subject of a real controversy. A question which the courts will entertain must be in an action or proceeding where the necessary parties are before it, in which there is a subject-matter, and where the determination of the court can be placed in a judgment or final order forever controlling upon the parties and their privies, and in which final process can be issued to carry the judgment or order into effect.

It is asserted that the case of *Admiral Realty Co.* v. *City of New York* (206 N. Y. 110) is a precedent for this action. That was not a submitted controversy, but an action brought by the plaintiff for the express purpose of restraining the execution of proposed contracts which it was alleged were illegal and were about to be executed. In that action there were included as defendants every officer of the city of New York who would have any part in the execution of the proposed contracts in controversy and every corporation who was to become a party thereto. That action presented to the court a real controversy and the parties to be affected thereby were before it.

The judgment of the Appellate Division should be reversed and the action upon the submitted controversy dismissed, without costs to any party, upon the ground that the case does not present a question in difference which might be the subject of an action.

CULLEN, Ch. J., GRAY, VANN, WERNER and COLLIN, JJ., concur; HAIGHT, J., dissents.

Judgment reversed, etc.