BECKER, Sheriff, v. COUNTY OF ONEIDA.

(Supreme Court, Appellate Division, Fourth Department. June 11, 1913.)

1. COUNTIES (§ 206*)—CLAIMS—DISALLOWANCE—EFFECT.

Laws 1909, c. 16, as amended by chapter 466, provides that the board of supervisors shall not audit any account or claim which the county comptroller advises should be rejected or modified, unless two-thirds of all the members shall vote in favor of the payment of such claim. The county comptroller rejected plaintiff's claims, and at a hearing of the board of supervisors insufficient votes were cast to overcome the objections of the comptroller, whereupon the chairman of the board was authorized and directed to enter into a submission of the controversy. *Held*, that the action of the board of supervisors is a bar to the maintenance of an action on the submitted controversy; the board's determination being final, until reversed or set aside, and not subject to collateral attack in a submission of controversy.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 322, 323, 325–330; Dec. Dig. § 206.*]

2. SUBMISSION OF CONTROVERSY (§ 3*)—NATURE OF CONTROVERSIES THAT CAN BE SUBMITTED.

Only such controversies may be submitted as can be followed by an effective judgment upon the submission.

[Ed. Note.—For other cases, see Submission of Controversy, Cent. Dig. §§ 4, 5; Dec. Dig. § 3.*]

Submission of controversies under Code Civ. Proc. § 1279, by Daniel P. Becker, as Sheriff of Oneida County, by Charles Mitchell, by Thomas F. Nugent, and by John W. McClelland against the County of Oneida. Actions upon the submitted controversies dismissed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRILL, JJ.

F. B. Adams, of Utica, for plaintiffs.
H. J. Cookinham, Jr., of Utica, for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

KRUSE, P. J. The question which we are asked to answer by the submission in these cases is whether the several claims therein mentioned are legal claims' against the defendant, the county of Oneida. If the claims are found to be legal charges against the county, then it is provided by the submission that judgment shall be rendered against the defendant for the amount of the claims, or such part thereof as shall be found to be a legal charge against the county, together with such interest and such costs as are equitable. If not a legal charge, then judgment shall be rendered dismissing the plaintiffs' complaints, with such costs as may be equitable.

[1] The several claims were presented to the county comptroller for his examination and report. He finally approved one of the claims included in the sheriff's submission, and advised its allowance by the board of supervisors, with the exception of one item. The board of supervisors audited the same in accordance with the recommendations of the county comptroller. The other claims were either entirely disapproved, or reduced by the comptroller, and he made his report accordingly to the board of supervisors.

The statute relating to the county comptroller and defining his duties and those of the board of supervisors respecting the auditing of claims (chapter 16 of the Laws of 1909, as amended by chapter 466 of the Laws of 1909) provides that the board of supervisors shall not audit any account or claim which the county comptroller advises should be rejected or modified, except where such account or claim is modified in accordance with his recommendations, unless two-thirds of all the members elected to the board shall vote in favor of the payment of said account or claim, notwithstanding the recommendations of the county comptroller.

The claims were considered by the board of supervisors. Various motions were made to allow the several claims, and also to disallow the same, but not sufficient votes were cast to overcome the objections of the comptroller. Thereupon the chairman of the board of supervisors was authorized and directed by the board to enter into a statement in writing with the several claimants, submitting the matters in controversy to this court.

I think the action of the board of supervisors stands as an effectual bar to these proceedings. Their determination is final and conclusive, until reversed or set aside, and is not subject to collateral attack. Bank of Staten Island v. City of New York, 68 App. Div. 231, 74 N. Y. Supp. 284, affirmed 174 N. Y. 519, 66 N. E. 1104; Foy v. County of Westchester, 168 N. Y. 180, 61 N. E. 172. The usual method of reviewing the action of boards of audit having judicial or quasi judicial powers respecting the audit of claims is by certiorari or mandamus, whichever may be proper according to the circumstances of the particular case, and not by action. Albrecht v. County of Queens, 84 Hun, 399, 32 N. Y. Supp. 473; People ex rel. McCabe v. Matthies, 179 N. Y. 242, 72 N. E. 103. These proceedings are in the nature of an action to recover a money judgment against the county, not certiorari to review the action of the board of supervisors, nor a mandamus to compel the audit of the claims.

[2] The real purpose of these submissions seems to be to review the action of the board of supervisors, and advise that body respecting the legality of these claims; but abstract questions may not be presented. Only such controversies may be submitted as can be followed by an effective judgment upon the submission. I think the disposition of these cases is controlled by the decision in Hanrahan v. Terminal Station Commission, 206 N. Y. 494, 100 N. E. 414, recently decided in the Court of Appeals, where the action upon the submission was dismissed, upon the ground that the case did not present a question in difference which might be the subject of an action.

For the reasons stated, I think the actions upon the submitted controversies should be dismissed, but without costs to either party. All concur.