In the Matter of the Claim of HARRY MILLER, Respondent, against STATE OF NEW YORK (Register's Office, New York County), Employer, Respondent, and STATE INSURANCE FUND, Insurance Carrier, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 19, 1938.

*Patrick S. Mason* [*George J. Hayes* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General*, of counsel], for the State Industrial Board, respondent.

*Paul Windels, Corporation Counsel* [*Samuel A. Bloom* of counsel], *amicus curiæ*, on behalf of the City of New York.

HEFFERNAN, J.   The State Insurance Fund has appealed from an award of the State Industrial Board in claimant's favor.   The Board decided that claimant, a typewriter copyist in the office of the register of New York county, is an employee of the State of New York and awarded compensation against it as such employer and against appellant as the State's insurance carrier.   The city of New York, originally a party in the proceeding, was eliminated as such, but, by permission of this court, has intervened and on this appeal seeks to sustain the award.   The appellant contends that claimant is an employee, not of the State, but of the city of New York, and urges that the award should be annulled on that ground.

The facts are undisputed.   It is conceded that claimant was injured on November 3, 1934, while performing the duties of his position in the register's office.   While lifting a typewriter he strained his left side and as a result sustained a left reducible inguinal hernia.

In 1911 claimant filed an application with the State Civil Service Commission to take an examination for a position in the office of the register of New York county. He took such an examination and was successful and his name was placed on the eligible list. On February 3, 1913, after having been properly certified by the State Civil Service Commission, he received an appointment on a temporary basis as a typewriter copyist in the register's office. Later and on July 1, 1913, this appointment was made permanent. Except for a short leave of absence claimant continuously occupied this position until the date he was injured. During his years of service claimant was regularly paid his salary by the city of New York and he is a member of the New York City Employees' Retirement System.

At the time claimant sustained his injuries the office of register of New York county was a constitutional office. (State Const. art. 10, § 1.) (This section was amended by a vote of the people at the general election held November 5, 1935, effective January 1, 1936.) As already pointed out, claimant was appointed to his position after having been duly examined and certified as qualified by the State Civil Service Commission. Section 10 of the Civil Service Law, so far as material here, provides: " Rules for the classified State service. * * * Subject to the provisions of this chapter and of the rules established thereunder, the Commission shall make regulations for and have control of examinations for the service of the State and the civil divisions thereof, *except cities,* and shall supervise and preserve the records of the same."

Section 11 of the statute has to do with the classified city service. The pertinent provisions of that section are: " The mayor or other duly authorized appointing authority of each city in this State shall appoint and employ three suitable persons to prescribe, amend and enforce rules for the classification of the offices, places and employments in the classified service of said city, and for appointments and promotions therein and examinations therefor; and for the registration and selection of laborers for employment therein, not inconsistent with the Constitution and the provisions of this chapter. Such persons shall be municipal civil service commissioners and shall constitute the municipal civil service commission of such city."

Section 256 of the County Law, pertaining to the register of New York county, provides, *inter alia:* " There shall also be employed such *recording clerks and typewriter copyists* (typewriting copyists block reindexing), as shall be required by the register, to be paid within the budget allowance at such rate per folio, entry or page, as shall have been or shall be fixed by the register

with the approval of the board of estimate and apportionment. All of the deputies, assistants, employees, and subordinates *above enumerated including recording clerks and typewriter copyists, * * * shall be and remain in the competitive classified civil service of the State.*"

This section definitely covers the category of employees within which claimant comes. In the absence of a positive legislative declaration to the contrary it seems clear from the statutory provisions which we have quoted that claimant is in the classified State service and must be regarded as a State, and not as a city employee.

The State has provided workmen's compensation for its classified civil service employees by annual appropriations made by the Legislature; the amount thus appropriated being paid into the State Insurance Fund which is under the general supervision of the Industrial Commissioner. Such appropriation by the Legislature, being for the purpose of covering State employees, in effect constitutes the payment of a premium by the State to the State Insurance Fund for the coverage of employees such as claimant.

The fact that claimant received his salary from the city of New York is not determinative of his status. The office of register is productive of revenue which goes to the city chamberlain for the benefit of the county. The city in turn pays the salaries of the employees of that office. The payment of such salaries is in effect the payment of a tax by the municipality. The expenses of the office are county charges. (County Law, § 251-f.) The fact that the city paid claimant's salary does not change his status from a State to a city employee. (*Gubner* v. *McClellan*, 130 App. Div. 716; *Matter of McKinney* v. *McGoldrick*, 243 id. 210; affd., 266 N. Y. 632.) In *Muller* v. *City of New York* (189 App. Div. 363) this court held that an employee of the State Armory Board was not a city employee.

Eligibility to membership in New York City Employees' Retirement System does not create the relationship of employer and employee between such city and the members. The act creating the New York City Employees' Retirement System, constituting chapter XXVI of the Greater New York Charter, was enacted by chapter 427 of the Laws of 1920. Its title provides: "An Act to amend the Greater New York charter, by providing for a retirement system for officers and *employees whose compensation in whole or in part is payable out of the treasury of the city of New York.*" Section 1700 of the charter defines the terms contained in the act creating the system. Subdivision 3 thereof, so far as is here pertinent, reads: "'City-service' shall mean service, whether appointive

or elective, as an official, *clerk or employee* of the city or *State of New York* * * * or parts thereof which have been included within the boundaries of the city of New York * * *, so far as such service is paid for by the city of New York * * *, or service, by any person, in any county office, paid for in whole or in part in the form of fees, by any county official of any of the counties or parts thereof now included within the boundaries of the city of New York, from fees collected by virtue of his office, and which corresponding service is now compensated for by salaries, or on a folio basis, by the city of New York." This definition clearly recognizes that State employees coming within the prescribed limitations are eligible for membership in the City Employees' Retirement System, while at the same time they retain their status of State employees.

The appellant argues that the city is estopped to deny liability because at one of the hearings before the Industrial Board a representative of the corporation counsel's office stated "We admit that we are the employer." This statement is contrary to the facts. The city's representative had no authority to make such a declaration. It was not for him to say that the city waived any defense which it had. The municipality should not be bound by his opinion. Certainly no such power to waive exists by reason of the relation of attorney and client, where the waiver is attempted to be made upon behalf of a municipal corporation. The corporation counsel and his subordinates had only such powers as were expressly conferred upon them by law and such implied powers as were necessary to enable them to exercise the expressly conferred powers and to discharge the duties expressly devolved upon them and consequently had no power to waive any requirement intended for the protection of the municipality. (*Borst* v. *Town of Sharon*, 24 App. Div. 599; *Town of Salamanca* v. *Cattaraugus County*, 81 Hun, 282; *Merwin* v. *City of Utica*, 172 App. Div. 51; *Winter* v. *City of Niagara Falls*, 190 N. Y. 198; *Fellmeth* v. *City of Yonkers*, 222 App. Div. 815; *Bush* v. *Coler*, 60 id. 47.)

The award should be affirmed, with costs to the State Industrial Board.

HILL, P. J., RHODES and McNAMEE, JJ., concur; BLISS, J., dissents, with an opinion.

BLISS, J. (dissenting). At the time of his accident claimant was employed as recording clerk in the office of the register of New York county. The State Industrial Board has made an award in his favor against "the State of New York (Register's Office, New York County), employer, and State Insurance Fund, insurance

carrier." In support of this award it has found that at the time of the accident claimant "was employed as a recording clerk in the office of the Register of the State of New York, with office and principal place of business located in the Hall of Records, City and State of New York; said employer being a State agency in charge of county records," and also that the claimant "was engaged in the service of a county of the State of New York and was thereby a State employee, * * * in accordance with the provisions contained in subdivision 4 of Section 2 of the Civil Service Law." The insurance carrier appeals upon the ground that the claimant was not an employee of the State.

Article XV-A of the County Law deals with the office of the register of the county of New York. It is first to be noted that the officer is designated in the statute as " the register of the county of New York." There is no such public officer as the " register of the State of New York." The person holding the office of register of the county of New York must be a resident of that county. (County Law, § 251-a.) He is elected by the electors of that county. (Id. § 251-b.) Every instrument affecting real estate or chattels real situated in the county of New York shall be recorded in his office. (Id. §§ 251 and 252.) All fees received by him and through his office belong to the county of New York and the expenses of conducting his office, including payment of claimant's salary, are charges upon that county. (Id. § 251-f.) Claimant as an employee in this office is under the direction of the register, who is a county officer. All the usual indicia of the relationship of employer and employee are lacking here as between the claimant and the State.

But we are told that because the claimant is in the competitive classified civil service of the State under the Civil Service Law he is a State employee. If this interpretation of that statute be correct then many employees of the various counties, villages, towns, school districts and other political subdivisions of the State, all of whom are likewise in the competitive classified civil service of the State, are employees of the State and not of the particular political subdivisions where their services are performed, to which their jurisdiction is limited and by whom they are appointed or employed and paid. The term " civil service " of the State or any of its civil divisions or cities includes all offices and positions of trust or employment in the service of the State or of such civil division or city, except certain military officers. (Civil Service Law, § 2, subd. 3.) The term " State service " as used in the Civil Service Law includes all of such offices and positions in the service of the State or of any of its civil divisions except a city.

Thus all civil service officers and employees are divided into two classes, State service and city service. But this does not mean that an employee of any of the civil subdivisions of the State, other than a city, becomes an employee of the State itself simply because he is included in the term " State service " under the Civil Service Law. The relation of master and servant still exists between such employee and the immediate subdivision of the State by which he is employed. The term " State service " as used in the Civil Service Law is there used for the purposes of that law only, and does not mean that all in the State civil service are employees of the State. While it is true that the State does include in its annual budget an appropriation to the State Insurance Fund for the purpose of paying the premium on workmen's compensation insurance coverage of the State's employees, such appropriation does not include any sum for payment of a premium covering this claimant or any other employee in the office of the register of New York county and claimant is not among those employees upon whom such a premium is paid.

The award against the State and its insurance carrier should be reversed and the claim dismissed as to it.

Award affirmed, with costs to the State Industrial Board.