THE UNION NATIONAL BANK, Appellant, *v.* JACOB KUPPER, Respondent.

The provision of the Code authorizing the submission of a controversy without action (§ 372) only contemplates the determination of questions between the parties and affecting their interests, and the court has no power to go beyond a decision affecting such interests.

*It seems,* that the record of the decision of an appellate court is the highest evidence of what the court decided, and where a point appears thereby to have been adjudicated, it is controlling, even if the opinion delivered contains adverse expressions.

If there was a mistake in the judgment rendered, the remedy is by motion to correct it.

(Argued October 7, 1875; decided November 16, 1875.)

THIS was a submission of controversy under section 372 of the Code. The questions arose under the will of Jacob Hopper, which has been before the courts several times prior to this proceeding. (See *Brewster* v. *Striker*, 2 Com., 19; *Striker* v. *Mott*, 28 N. Y., 82.)

It was held by the Special Term in the three cases tried together and disposed of by the decision last mentioned (28 N. Y., 82) that the executors under the will took, as trustees during the lifetime of the three grandchildren, Garret H. Striker, Ann Striker and Winifred Mott; that their estate as to the third part devised for the benefit of Ann Striker ceased at her death, and the surviving grandchildren took each an estate in fee in one-half of said third. Judgment was entered accordingly, which was affirmed by the General Term and by this court. The opinion reported was delivered upon motion for a reargument. In 1863, after that decision, Garrett H. Striker commenced another action for partition, which resulted in adopting the partition attempted to be made in 1821 by the three grandchildren. (See statements in cases above referred to.)

Plaintiff claims under a foreclosure sale upon a mortgage executed in 1858 by Jacob H. Mott, son of Winifred Mott. The lot in controversy in this action is in the third part assigned to Ann Striker, and under the partition last

mentioned set off to Garrett S. Mott, devisee of Winifred Mott. Jacob H. Mott died before his mother. *Held*, that, if, upon the death of Ann Striker, the two other grandchildren took an estate in fee in' her third, it would follow that Jacob H. Mott had no interest contingent or vested in such third when he executed the mortgage, and so could convey none; that whether the remainder limited to the great-grandchildren upon the death of their respective parents was contingent or vested, it extended only to the share of such parent, and was not proper to be considered here, as it was outside the controversy as between the parties, and the Code, in authorizing a submission without action, only contemplated that the controversy, as between the parties, should be decided; that they had no power to agree for others, and gave the court no authority to go beyond a decision affecting their interests in a controversy as to which the facts were submitted. It was urged by plaintiff's counsel that the decision, reported upon the motion for a reargument, as appears by the opinion, was, in effect, a reversal of so much of the judgment below as adjudicated that Mrs. Mott and G. H. Striker took an estate in fee upon the death of Ann Striker. *Held*, that this position was untenable ; that the record, which is the highest evidence of what the court decided, showed clearly that the point was adjudicated the other way, as the judgment of the Special Term was explicit and this was affirmed, and that this court is bound by the record, even if the opinion contained adverse expressions ; if there was a mistake in the judgment entered the remedy was by motion to correct ; but that there was nothing in the opinion in conflict with the judgment.

It was also claimed that plaintiff was not bound by the judgments in the cases referred to as he was not a party. *Held*, that whether it was technically bound or not it would be improper to review them, as they had stood unimpaired and titles had been held under them for thirteen years, the court would not be justified in disturbing them or in reversing the grounds upon which they were based.

*Samuel A. Foot* for the appellant.

*Wm. Fullerton* for the respondent.

CHURCH, Ch. J., reads for affirmance.
All concur.
Judgment affirmed.