WILLIAM J. KENNEDY, Respondent, v. THE MAYOR, ALDER-
MEN AND COMMONALTY OF THE CITY OF NEW YORK,
Appellant.

*It seems,* that the commissioner of public works in the city of New York,
being charged with the care of the public buildings (§ 71, chap. 335,
Laws of 1873), has the power to appoint janitors to take charge of the
buildings in which the police and district courts are located.
Plaintiff was appointed by said commissioner janitor of the building occu-
pied by the police court of the second district, and by the district or civil
court of the third district; the justice of the latter court appointed C.
janitor for that court. The board of estimate and apportionment made
an appropriation for the salary of one janitor for said building, condi-
tioned however, substantially, that no portion thereof should be paid by
the comptroller to either appointee until the question was judicially
determined that he was and that the other was not entitled to be paid.
*Held,* that the appropriation could only be availed of in an action or
submission, to which both claimants were parties, and then only on
establishing that the power to appoint janitors was exclusive, either in
the court or the commissioner, and that there could be but one janitor;
and that, therefore, plaintiff was not entitled to judgment upon a sub-
mission of the controversy under the Code of Civil Procedure (§ 1279) as
between him and the city, to which C. was not a party.

(Argued November 13, 1879; decided January 13, 1880.)

APPEAL from judgment of the General Term of the Court
of Common Pleas, in and for the city and county of New
York, in favor of plaintiff, entered upon a case submitted
under section 1279 of the Code of Civil Procedure.

SICKELS—VOL. XXXIV.     46

The facts stated were, in substance, as follows : In April, 1877, plaintiff was appointed by the commissioner of public works, in the city of New York, janitor of a public building in said city, occupied by the police court of the second district, and by the civil or district court of the third district. There were at that time twelve buildings occupied by the police and district courts ; of these there were six police courts and ten district courts ; four of the buildings being occupied by a police and a district court. The commissioner appointed a janitor for each of said buildings. The justice of the district court for said third district appointed Richard M. Collard a janitor of said court, and the justices of six other of the district courts also made similar appointments. Plaintiff entered upon and performed the duties of janitor. The board of estimate and apportionment, in their estimate for 1879, made an appropriation, entitled as follows :

" Salaries of janitors of civil and police courts."

"To pay salaries of twelve janitors at $1,200 each per annum, in the civil and police courts, as follows : "

Then followed appropriations for the salary of one janitor for each building, among them the following :

" One in the third district civil and second district police courts $1,200."

At the foot of the appropriation was the following :

" The above appropriation of $14,400 is made especially, as no provision is otherwise made in this final estimate for the salaries of the janitors of these courts. No portion of this appropriation, however, is to be paid by the comptroller until the question is judicially determined on an adjusted case or otherwise, in whom by law the appointment of janitors of these courts is placed. It is claimed on one hand that the appointment is in the board of police justices and the justices of the civil courts, and on the other that the appointment is in the commissioner of public works. The city is not to be burdened with the expense of two sets of janitors."

The question presented for decision was, " Is the commissioner of public works authorized to appoint a janitor for

said building, and is the said Kennedy entitled to be paid from the said appropriation to the exclusion of the said Collard ? '

*D. J. Dean,* for appellant. The power to appoint janitors for the district courts is vested in the justices of those courts, and only their appointees are entitled to the salary provided for the place. (Laws of 1857, chap. 335, § 65 ; Resolutions of Common Council; October 6, 1878, and March 15, 1870.) The common council could delegate the power to appoint to the justices. (*Lee* v. *Sandy Hill,* 40 N. Y., 442, 451; *Hull* v. *Lauderdale,* 46 id., 70; *Brennan* v. *Mayor, etc.,* 62 id., 365; *McCollough* v. *Mayor, etc.,* Gen. Term, First Dept., Jany., 1876; *Sullivan* v. *Mayor, etc.,* 47 How., 491.)

*Nelson J. Waterbury,* for respondent. The commissioner · of public works is authorized to appoint janitors for all public buildings, including those in which courts are held. (*Hartman* v. *Mayor,* Gen. Term. N. Y. C. P. [not reported].)

RAPALLO, J. We concur in the opinion of BEACH, J., at General Term in so far as it holds that the commissioner of public works, being charged with the care of public buildings, has power to employ janitors to take charge of the buildings in which the police and district courts are located, and that the duties of such janitors are confined to the care of the building and are essentially different from those of court attendants.

We are also of opinion that the appropriation out of which the plaintiff claims to be paid his salary, is in form sufficient to authorize such payment, except for the condition which is attached to it, viz.: That no portion of this appropriation is to be paid by the comptroller until the question is judicially determined in whom the appointment of janitors of the police and district courts is placed, which condition is accompanied with a statement of the opposing claims, on

the one hand that the power of appointment is in the board of police justices and justices of the civil courts, and on the other that it is in the commissioner of public works, and that the city is not to be burdened with the expense of two sets of janitors.

The form of the appropriation indicates that the board of estimate and apportionment assumed that but one set of janitors could be appointed, and that the appointments by the commissioner of public works were the only valid ones, for they have made appropriation for the payment of only twelve janitors, corresponding with the twelve public buildings in which these courts are held, for each of which buildings the commissioner has appointed one janitor. But it appears in the case that in these twelve buildings sixteen courts are held, and if the power to appoint were in the courts, there would be at least sixteen janitors. It further appears that seven of these courts have appointed janitors in addition to the twelve appointed by the commissioner, and it is claimed on the part of these appointees, that each court has power to appoint a janitor for its own court room, even if the janitor in general charge of the building is to be appointed by the commissioner of public works. The appropriation in that event would be insufficient to pay either set of janitors, for it is on condition that the city is not to be burdened with the expense of two sets of janitors, and the comptroller is to pay only on its being judicially decided in whom the power of appointment rests. This assumes that but a single set of janitors can be appointed and the substance of the appropriation is that it is not to be paid to either until it is decided that the other is not entitled, and accordingly the question stated in the submission is whether the plaintiff, the appointee, of the commissioner of public works is entitled to be paid from the appropriation in question, to the exclusion of Collard the appointee of the court. Now if both are entitled to be paid, of course neither could recover, under this appropriation and submission, and if we should be satisfied that only one janitor could be legally appointed, then the controversy is

in substance in relation to the conflicting claims of two parties to the same fund, which fund is subject to the condition that neither claimant shall be paid until it is judicially decided that the other is not entitled.

We apprehend that the judicial determination called for is one which shall be binding upon the adverse claimant, and shall relieve the city from any demand on his part. It is manifest that such a decision cannot be rendered in a proceeding to which but one of the claimants is a party, whatever may be our present opinion as to the right of the claimant before us. If he had brought a simple action for the recovery of his salary, an adjudication in his favor would not have estopped the adverse claimant from asserting his right, and the defendant might set up that there is no appropriation except on that condition. We can see no way in which either claimant can avail himself of the appropriation in the form in which it is made except in an action or submission to which both claimants are parties, and then only on establishing that the power to appoint janitors is exclusively either in the courts or in the commissioner, and that there cannot be two sets of janitors.

Whatever may be our opinion on these points, as to which the General Term of the Supreme Court and the Court of Common Pleas appear to have differed, it is very clear to us that we cannot pass directly upon the rights of Collard in this proceeding, to which he is not a party. (*Wood* v. *Squires*, 60 N. Y., 191.)

The judgment should be reversed and the proceeding dismissed, without costs to either party.

All concur, except FOLGER, J., absent.

Judgment accordingly.