### DAVIN v. DAVIN.

(Supreme Court, Appellate Division, First Department. June 23, 1905.)

MUTUAL BENEFIT SOCIETIES—CERTIFICATES—PROCEEDS—SUBMISSION OF CONTROVERSY—PARTIES.

Where a controversy as to the person entitled to the proceeds of a benefit certificate in a mutual benefit society was submitted without action, as provided by Code Civ. Proc. § 1279, and the determination thereof depended on a construction of important provisions of the society's charter, the society was a necessary party to the submission.

Submission of controversy between Patrick Davin and Catherine Davin. Dismissed.

Argued before HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

J. J. O'Neill, for plaintiff.
W. B. Crisp, for defendant.

PATTERSON, J. Both parties to this submission claim to be entitled to the proceeds of a benefit certificate issued by the Knights of Columbus, a fraternal benefit society organized under the laws of the state of Connecticut, to one James J. Davin, now deceased, and each demands judgment that the amount of the certificate be paid to him or her. The determination of the right of either party to the amount of the certificate depends upon the construction to be given to important provisions of the charter of the Knights of Columbus. That society is not a party to the submission or in any way before the court. We are of opinion that we should not give judicial construction to those provisions without the presence of that society. Certainly we cannot now award judgment that the amount of the certificate be paid by the society to either party. A judgment against an undisclosed defendant on a submission under section 1279 of the Code of Civil Procedure cannot be directed. Dickinson v. Dickey, 76 N. Y. 602. And we cannot award any different relief than that asked for, which by each party is that he or she is entitled to the proceeds of the certificate, and that the same shall be paid to him or her. Union National Bank v. Kupper, 63 N. Y. 617. In Kennedy v. The Mayor, 79 N. Y. 361, and Hobart

College v. Fitzhugh, 27 N. Y. 130, it was held that the plaintiff cannot have judgment upon the submission of a controversy where a third party who is interested in the result has not been made a party. There is not a fund in court, nor anything upon which the court can act, so that the rights of all parties may be finally adjudicated and enforced. The rule applicable to actions should control here. It was held in Steinbach v. Prudential Ins. Co., 172 N. Y. 471, 65 N. E. 281, which was an action to reform a policy, that the court ought to have brought in the personal representatives of the insured. It had been decided by this court that the action could proceed against the insurance company without the presence of the administrator of the insured, and that the company had waived the defect of parties by reason of not having set up the defect in the answer or having demurred. The Court of Appeals said that while the statute does not in terms prohibit the court from determining the controversy, unless all the necessary parties are brought in, that is impliedly commanded, and is the established practice in all equitable actions. Mahr v. Norwich Union F. Ins. Society, 127 N. Y. 452, 28 N. E. 391; Peyser v. Wendt, 87 N. Y. 323; Sherman v. Parish, 53 N. Y. 483; Van Epps v. Van Deusen, 4 Paige, 64, 25 Am. Dec. 516. "A court of equity always seeks to do complete justice, and to make its judgments so full and comprehensive as to quiet the controversy in all its aspects and as to all persons. Thus every one who is compelled to obey its decree is protected, further litigation is prevented, and the unseemly spectacle of inconsistent judgments rendered by the same court is avoided. The plaintiff insists that the rights of the personal representatives are not prejudiced by the judgment appealed from, because they are not bound by it, and can still recover upon the policy, notwithstanding the judgment of reformation rendered in this action. This might lead to inconsistent judgments and a double recovery."

The submission should be dismissed, without costs.

HATCH, J., concurs. INGRAHAM and McLAUGHLIN, JJ., concur in result.