FONDA, JOHNSTOWN AND GLOVERSVILLE RAILROAD COMPANY, Plaintiff, v. THE NEW YORK TRUST COMPANY, Defendant.

Third Department, November 18, 1931.

*Maider & Maider* [*Wesley H. Maider* and *Frank Burton* of counsel], of the plaintiff.

*Hornblower, Miller, Miller & Boston* [*Edward C. Bailly* of counsel], for the defendant.

RHODES, J. There are two mortgages outstanding covering the same parts of plaintiff's property. There is also outstanding a third mortgage covering all of its properties, the amount of the lien of the first mortgage being $500,000, that of the second being $800,000, and the amount of outstanding bonds under the third being $5,700,000. The defendant is acting as trustee under each of said mortgages.

In 1925, and after the giving of said mortgages, a portion of the property was taken by condemnation for the creation of Sacandaga reservoir, and compensation therefor in the sum of $1,727,696.55 was received by the defendant as such trustee. Subsequently the trustee released to the plaintiff various sums, there now remaining of said fund in the hands of the trustee the sum of $636,711.73 subject to the liens of the three mortgages. This fund has not been invested for the benefit of plaintiff but the defendant has allowed certain interest thereon at various rates for different periods not exceeding four per cent, and from June 18, 1931, to the present time such interest allowed has been at the rate of one per cent.

In order to procure a larger interest return, plaintiff requested the defendant to invest $500,000 of said fund in satisfactory guaranteed first mortgage real estate bonds bearing five per cent interest. This, although acceptable to the defendant, it was unable to do. Thereupon the plaintiff requested the trustee to use said funds in the purchase of bonds issued under said first mortgage, the bonds so purchased, in the discretion of the defendant, to be either paid and retired or to be held alive as an investment. The defendant questions its authority as trustee to make the requested use of said funds, but is willing to employ the same for any proper purpose authorized by the mortgages. Each mortgage contains the same provision relative to said funds, such provision, as far as material here, being as follows: " The proceeds * * * shall be invested in the purchase of other property, real or personal; or in betterments or improvements, or in some other way, to the benefit of the mortgaged premises." It is very doubtful whether the language quoted gives to the trustee the power to use said funds for acquiring the first mortgage bonds. That question should not now be determined for the reason that the bondholders are necessary parties and have a right to be represented and heard

in any action or proceeding involving a decision as to the scope of the powers and duties of the trustee under the mortgages which affects the rights and powers of such bondholders. The trustee does not represent them. (*Colorado & Southern R. Co.* v. *Blair,* 214 N. Y. 497.) A trustee is a true representative only within the limits of its authority and it is only in executing the trust that the trustee represents the bondholders. (See same case.) If it were clear that the terms of the mortgage clothed the trustee with the power to do the act requested, then, in the execution of such power, the trustee would represent the bondholders. Here, however, the trustee's power is disputed and the interpretation of the language conferring its power is ambiguous; therefore, the trustee does not represent and cannot bind the bondholders relative to that question. The plaintiff cites the case of *Norfolk Southern R. Co.* v. *Guaranty Trust Co.* (13 F. [2d] 979). That was an action between the railroad mortgagor and the trustee under a corporate mortgage covering a portion of the railroad property. There was a prior mortgage covering other portions of the railroad property. There the defendant trustee was authorized to employ the funds in improving the mortgaged properties and the mortgagor desired it to make improvements upon a portion of the line upon which there was such prior mortgage. This the trustee declined to do. In that action there was no question as to the authority of the trustee to employ the funds for the improvement of the mortgaged premises, but therein was sought a determination by the court as to what portion of the line might appropriately be improved. Clearly the suit did not involve the question of the power granted to the trustee to expend moneys for such improvements, but it involved the question as to the method and manner of executing the trust within the powers conferred, and the question as to whether or not the bondholders were necessary parties does not appear to have been raised. The court stated that but one issue was raised and that was as to the appropriateness of the requested application of the funds in improving certain portions of the line.

Plaintiff also suggests that if the mortgages do not confer power upon the trustee to use the funds as requested, a court of equity will provide for such contingency. Here also if equitable powers are invoked the bondholders are necessary parties. (*Colorado & Southern R. Co.* v. *Blair, supra.*)

It being impossible for the court to make a complete determination of the controversy because of the absence of necessary parties, the proper practice is to dismiss the proceeding. (*Kennedy* v. *Mayor,* 79 N. Y. 361; *Wood* v. *Squires,* 60 id. 191; *Lanier* v. *Taylor,* 186 App. Div. 271; *Security Trust Co. of Rochester* v. *Camp-*

*bell,* 184 id. 961; *Marsh* v. *Exempt Firemen's Benevolent Fund Assn.,* 144 id. 887; *Davin* v. *Davin,* 105 id. 580; *Schreyer* v. *Arendt,* 83 id. 335; *Marshall* v. *Hayward,* 67 id. 137.)

The proceeding should be dismissed, without costs to either party.

All concur.

Proceeding dismissed, without costs to either party.