## FOURTH DEPARTMENT, JULY, 1942.
### (July 1, 1942.)

In the Matter of the Application of LEON J. WYLEGALA, Appellant, for an Injunction against the RAILWAY EXPRESS AGENCY, INC., Respondent, Pursuant to Section 123 of the Alcoholic Beverage Control Law.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order denies petitioner's motion for an injunction against the Railway Express Agency, Inc., and dismisses the petition, in a proceeding to restrain transportation of intoxicating liquors.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ. [177 Misc. 1071.]

ROBERT T. WOOD, Plaintiff, v. CITY OF SALAMANCA, Defendant.— Submitted controversy determined in favor of the defendant, without costs, and questions first and second answered in the affirmative. All concur, except McCurn, J., who dissents and votes to dismiss the action, in the following memorandum: The answer to the questions submitted is dependent upon the ability of the city to carry out the provisions of the statute in question and thus to effectuate the declared purpose of the statute. It provides in effect that the holder of Indian leases instead of paying the rental to the treasurer of the Seneca Nation or to the Indian Agent shall pay it in the form of a tax to the comptroller of the city who shall in turn pay it to the United States Indian Agent. The stipulation of facts does not inform us as to whether the Indian Agent or the Seneca Nation will accept payment from the comptroller. If they elect not to, will a tender made by the city comptroller be legally good, and sufficient to prevent a default under the leases? With that question unanswered we cannot say that the act in question will not result in depriving leaseholders of their property. We cannot make any declaration here as to the legality of such a tender because neither the Seneca Nation nor the Indian Agent is a party to this proceeding. It is impossible to make a complete determination of the controversy and the proceeding should be dismissed. (Fonda, Johnstown & Gloversville R. R. Co. v. New York Trust Co., 233 App. Div. 443; Security Trust Co. of Rochester v. Campbell, 184 id. 961; Lanier v. Taylor, 186 id. 270; Kennedy v. Mayor, etc., of the City of New York, 79 N. Y. 361.) (Submitted controversy on an agreed statement of facts to determine the constitutionality of an act of the Legislature.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.