■ Rose Russel, Individually and as Tenant in Common, et al., Plaintiffs, v. Theodore L. Russel, Defendant.

*Per Curiam.* On this submission of a controversy pursuant to section 546 of the Civil Practice Act, the parties seek a determination in respect of the right to possession of a part of the real property known as and by the street number 193 Graham Place, borough of The Bronx, city and State of New York. It would appear that the defendant in possession relies upon an unexecuted promise of his mother, a co-owner of the premises, to make a voluntary conveyance to him of her interest in the property.

The defendant may prevail only if he establishes a right to or interest in the premises through his mother. To the extent that he may succeed, the interest of his mother in the property will be adversely affected. She is not a party to this submission. The absence of a necessary party requires a dismissal of this proceeding. (*Wood* v. *City of Salamanca*, 289 N. Y. 279, 282, 283; *Fonda, Johnstown & Gloversville R. R. Co.* v. *New York Trust Co.*, 233 App. Div. 443, 445.)

Apart from the apparent absence of the writing required by section 259 of the Real Property Law, the alleged agreement, being unsupported by any consideration, is unenforcible. Insofar as the defendant relies upon the improvements made, even if it be assumed that he stands in the shoes of a vendee in possession, the stipulated facts fail to specify the nature and extent of the improvements and it therefore cannot be determined on this submission that the said improvements are of a substantial nature and that a refusal on the part of the defendant's mother to convey is unjust. (*Cooley* v. *Lobdell*, 153 N. Y. 596, 602.) Moreover, the submission fails to state, as a matter of fact, that the defendant's mother did make the promise relied on by the defendant. In a submission of this character, we may not draw inferences from equivocal facts; our sole function is to draw legal conclusions from uncontroverted facts. (*Lafrinz* v. *Whitney*, 233 N. Y. 107, 110; *Title Guar. & Trust Co.* v. *Mortgage Comm.*, 271 N. Y. 302; *Matter of Gorman's Restaurant* v. *O'Connell*, 275 App. Div. 166, affd. 299 N. Y. 733; *Graham* v. *East 88th St. Corp.*, 282 App. Div. 754.)

For the foregoing reasons, this proceeding should be dismissed, without prejudice, and without costs.

Breitel, J. P., Frank, Valente, McNally and Bastow, JJ., concur.

Submission of controversy unanimously dismissed, without costs, and without prejudice in accordance with the opinion filed herein.