ESSENFELD BROS., INC., et al., Respondents, *v.* DONALD S. HOSTETTER et al., Constituting the State Liquor Authority of the State of New York, Appellants.

First Department, December 12, 1963.

*Samuel A. Hirshowitz* of counsel (*Mark T. Walsh* with him on the brief; *Louis J. Lefkowitz, Attorney-General,* attorney), for appellants.

*William M. Ivler* of counsel (*Galef & Jacobs,* attorneys), for respondents.

McNally, J. Plaintiffs have been granted summary judgment in this action for a permanent injunction and to declare the rights of the plaintiffs under sections of the Alcoholic Beverage Control Law.

Plaintiffs hold permits for the carrying of alcoholic beverages within the State of New York. Tourists International, Inc., distributes within New York by mail and through travel agencies "order kits" for the purchase abroad of alcoholic beverages. Thereby the public is informed of savings up to 70%; that home delivery is guaranteed and that the price includes packing, shipping, customs clearance and insurance. Emphasized is the necessity for mailing the order and the payment therefor outside the United States and upon returning declaring to customs the liquor purchased. The orders are directed to a Swiss bank which forwards them to various suppliers in Switzerland and Belgium and makes payment therefor. Upon receipt of the United States customs forms, a foreign agent of plaintiff Railway Express Agency, Inc. (REA) causes each purchase to be packaged separately and with others placed in large containers which are shipped to New York City piers. There the containers are removed to terminals of REA within New York, the individual packages removed and delivered to the homes of the purchasers. Plaintiff Essenfeld is similarly engaged. During 1962 there were cleared through customs and delivered to residents of New York by REA 40,000 and by Essenfeld 30,000 gallons of alcoholic beverages.

The 21st Amendment of the United States Constitution (§ 2) provides: "The transportation or importation into any State * * * of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited." The amendment is implemented by Federal statute (U. S. Code, tit. 27, § 121): "All fermented, distilled, or other intoxicating liquors or liquids transported into any State * * * shall upon arrival in such State * * * be subject to the operation and effect of the laws of such State * * * enacted in the exercise of its police powers, to the same extent * * * as though such liquids or liquors had been produced in such State * * * and shall not be exempt therefrom by reason of being introduced therein in original packages or otherwise."

The policy of the State of New York in respect of intoxicating liquors is reflected in the Alcoholic Beverage Control Law

(L. 1934, ch. 478). Section 2 thereof states "that it is necessary to regulate and control the manufacture, sale and distribution within the state of alcoholic beverages for the purpose of fostering and promoting temperance in their consumption and respect for and obedience to law". Advertising by mail or otherwise and solicitation in the State of orders for the sale of alcoholic beverages regardless of whether the sale is executed within or without the State is restricted to permittees and licensees. (§ 93, subd. 1; § 102, subd. 1, pars. [a], [b].) Shipment of alcoholic beverages into the State except to one licensed to traffic therein is forbidden (id., § 102, subd. 1, par. [c]) and no common carrier may bring into the State such beverages except if consigned to one so licensed (id., subd. 1, par. [d]). To "Traffic in" includes the manufacture and sale of alcoholic beverages. (§ 3, subd. 30.) Paragraph (e) of subdivision 1 of section 102 embraces within the prohibition of subdivisions (c) and (d) beverages intended for personal use.

Plaintiffs have shipped and brought and caused to be shipped and brought into the State of New York alcoholic beverages not consigned to licensed traffickers of alcoholic beverages contrary to the provisions of paragraphs (c) and (d) of subdivision 1 of section 102. *People* v. *Ryan* (274 N. Y. 149), relied on by plaintiffs and Special Term, does not aid them. *Ryan* involved a prosecution under paragraph (d) of subdivision 1 of section 102 which proscribes the bringing into the State by a "common carrier or any other person" of any liquors unless to a licensed trafficker thereof. The defendant purchased in Connecticut 11 bottles of wine and one bottle of hard liquor, placed them in his automobile and proceeded into the State of New York. The court held defendant was not within the ambit of "other person" which under the doctrine of *ejusdem generis* had reference to one engaged in commercial transportation, an occupation similar to that of a common carrier. *Ryan* would be relevant if the purchasers of the alcoholic beverages had brought them into the State of New York. Here, plaintiffs brought the liquors into the State. It is immaterial that plaintiffs may be the agents of the purchasers, because the statute proscribes shipment or bringing into the State except to a licensed trafficker of liquor and does not exclude therefrom proscribed acts performed as agents or in behalf of the purchasers. Moreover, it cannot be gainsaid that plaintiffs in the performance of the acts charged against them were and are engaged in commercial transportation.

Section 116 of the Alcoholic Beverage Control Law relates to transportation of alcoholic beverages within this State. It

enables delivery from a steamship or railroad station or terminal to a purchaser for purposes or consumption provided the beverages have been validly brought into the State. Section 116 does not aid the plaintiffs. The beverages here involved were illegally shipped and brought into the State because not consigned to licensed traffickers.

Plaintiffs argue that paragraph (c) of subdivision 1 of section 102 is unconstitutional because it violates the 14th Amendment of the United States Constitution and section 6 of article I of the Constitution of the State of New York. Insofar as plaintiffs seek to vindicate their constitutional rights, plaintiffs as licensees under the Alcoholic Beverage Control Law and exercising privileges are precluded from attacking its constitutionality. (*Fahey* v. *Mallonee,* 332 U. S. 245, 255.) Nor may plaintiffs assert and rely on the constitutional rights of the purchasers. (16 C. J. S., Constitutional Law, § 76.)

Where, as here, the statute clearly precludes the shipment into the State of alcoholic beverages and expressly proscribes such action on the part of a common carrier, a bulletin of the agency responsible for its enforcement may not serve to vary the statute. (*Matter of Restaurants & Patisseries Longchamps* v. *O'Connell,* 271 App. Div. 641.) In the circumstances, plaintiffs may not rely on Bulletin No. 263 of the State Liquor Authority dated July 20, 1954, since withdrawn, to conduct their business hereafter in contravention of the statute.

In our view of the statute it is immaterial that the orders for the liquors were mailed by the purchasers and accepted by the vendors outside the borders of the United States. It is plainly the scheme and intent of the statute to exclude from the State of New York alcoholic beverages regardless of where the originating transaction or the passage of title materializes unless they are initially consigned to a person licensed to traffic therein. Nevertheless, the controlling factors establish that the sales here involved were executed and title in each instance passed in this State.

The Personal Property Law (§ 100, rule 5) provides that the property in goods passes to the purchaser at the place of delivery where the seller is required to deliver at a particular place or to pay the cost of transportation. Here, in each case delivery to the purchaser was guaranteed and the price included the cost and expense of transportation to the New York residences of the purchasers. In that aspect the plaintiffs are also in violation of section 100 of the Alcoholic Beverage Control Law in that they are selling alcoholic beverages within the State without the

appropriate license. Subdivision 28 of section 3 of the statute includes within the statutory concept of "sale" the delivery of any alcoholic beverage in the State.

The judgment appealed from should be reversed, on the law, with costs to defendants-appellants. There should be judgment declaring that Bulletin No. 359 of the defendants is in conformity with paragraph (c) of subdivision 1 of section 102 of the statute; that said section prohibits plaintiffs from bringing and shipping into this State alcoholic beverages unless they are consigned to a person duly licensed under the statute to traffic therein; and otherwise dismissing the complaint.

In the light of the foregoing disposition, the appeal from the order denying appellants' motion for an examination before trial should be dismissed as academic, without costs.

EAGER, J. (dissenting in part). I would modify rather than reverse the judgment appealed from.

The provisions of the Alcoholic Beverage Control Law were not intended to be applied to prohibit a resident, while traveling outside the United States, from purchasing and thereupon bringing or shipping into this State reasonable quantities of alcoholic beverages for his own personal use and consumption. (See *People* v. *Ryan*, 274 N. Y. 149. Also, same case, unpublished opinion, NOLAN, J., Special Term, Westchester County, Feb. 27, 1936. See, also, State Liquor Authority Bulletin No. 263 of July 20, 1954.) One gallon or less of such beverages, so purchased and shipped into the State to the purchaser as consignee is duty and tax free (see U. S. Code, tit. 19, § 1201, par. 1798 [1938]; Tax Law, § 424, subd. 1, par. [f]; § 420, subd. 4; see, also, N. Y. State Dept. Taxation and Finance Release No. 56, June 7, 1936, Prentice-Hall, N. Y. State Tax Service, ¶41,320.5) and the same may be lawfully received and transported from ship arrival point here to consignee's address by plaintiffs who are the holders of permits from the State Liquor Authority for transporting liquors as common carriers within the State. (Alcoholic Beverage Control Law, § 116; *People* v. *Ryan, supra*; *Matter of Wylegala* v. *Railway Express Agency, Inc.*, 177 Misc. 1071, affd. 264 App. Div. 937.)

It is true, however, as pointed out in the majority opinion, that the solicitation in this State, by means of advertising, circulars or publications of any kind, or through travel or other agents, of orders, for the purchase of intoxicating liquors in any quantity by unlicensed persons from sources outside the State to be delivered in the State, is in violation of the Alcoholic Beverage Control Law (§ 3, subd. 28; § 93, subd. 1; § 102, subd. 1, pars. [a], [b]).

Notwithstanding plaintiffs' claim to the contrary, the matter of alleged illegal advertising and solicitation for orders for liquor to be purchased abroad and the plaintiffs' activities in connection therewith are before the court. Annexed to and made a part of the complaint in this action are the complaints in certain actions by the People of the State of New York against these plaintiffs and others, and such complaints specifically allege and seek to restrain the alleged illegal advertising and order-soliciting activities of the defendants in such actions. It is true that the plaintiffs in this action did not expressly pray for a declaration as to the legality of such activities and of plaintiffs' connection therewith. The defendants, however, by their answer herein did affirmatively allege as a separate defense that, as appeared by the said complaints in the other pending actions, the " plaintiffs, together with others, have been and are engaging in acts and conduct in violation of subdivisions 1(a) and 1(b) of § 102 of said Alcoholic Beverage Control Law "; and defendants did pray for judgment declaring " that plaintiffs are engaged in acts and conduct in violation " of said subdivisions and that the statute is not subject to the objections, constitutional or otherwise, alleged in the complaint.

It further appears from the affidavits and exhibits submitted that certain persons and agencies are in fact engaged in unlawful activities in the matter of the advertising and the solicitation of orders for the purchase of liquor outside the State and to be shipped into the State. Further, it appears that the same results in the improper purchase and bringing into the State of liquor not intended for the personal use of the particular purchaser. The full nature and extent of the alleged illegal activities and transactions and the plaintiffs' connection therewith are, however, disputed. We do not have the right, on this application for summary judgment, on the record here, to find or assume that the plaintiffs as principals or as agents are responsible for the illegal activities and transactions complained of by defendants and the People of the State of New York. The matter of a full and proper declaration and adjudication with respect to the issues of fact and law involved should await the trial of this action and of the other pending actions. In the meantime, as long as plaintiffs hold permits issued by the State Liquor Authority, they are entitled to be protected in their respective rights, pursuant to such permits, to render transportation services incidental to legitimate foreign purchases by residents, while absent from the United States, of liquors for their personal use in this State.

Where the court assumes jurisdiction of a declaratory judgment action, it should dispose of all issues between the parties and should make a full and complete declaration, disposing of all questions of right, status or other legal relations encountered in adjudicating the controversy. (26 C. J. S., Declaratory Judgments, §§ 160, 161.) Here under the rule provisions now applicable to the motion for summary judgment (CPLR 3212, subds. [e], [g]), judgment may be rendered declaring the rights of the parties insofar as the facts are undisputed, with a remission for a trial for the purpose of the determination of and a declaration upon those issues which cannot be properly resolved on the present record.

The first decretal paragraph of the judgment herein should be modified to declare that Bulletin No. 359 is not lawfully applicable to a purchase of alcoholic beverages of one gallon or less by a resident of the State of New York where the order for the beverages is not given or solicited within the State, where the purchase is made by him while outside the United States for his personal use and consumption and where the beverages are shipped to him as consignee within the State. The second decretal paragraph of the judgment may stand, to wit, the adjudication declaring that said Bulletin No. 359 shall remain applicable to any shipment of alcoholic beverages brought into the State by any person for sale to others, all as more fully adjudicated by the said second decretal paragraph. The injunctive provisions in the third decretal paragraph of the judgment should, however, be deleted, the nature and extent of an injunction, if any, to be rendered, to be determined following a trial.

The judgment herein should be modified on the law as indicated above and plaintiffs' motion for summary judgment granted to this extent and otherwise denied. The order entered May 6, 1963, vacating defendants' notice of examination, should be reversed on the law and the facts and in the exercise of discretion, and the examination of plaintiffs directed.

STEVENS, J. (concurring in part with EAGER, J.). I agree with EAGER, J., except insofar as he would direct a trial. In my view no issues are raised by appellant which render a trial necessary. I would affirm the judgment as appealed from.

RABIN, J. P., and STEUER, J., concur with McNALLY, J.; EAGER, J., dissents in part in opinion; STEVENS, J., concurs in part with EAGER, J., in opinion.

Order and judgment reversed, on the law, with costs to defendants-appellants and judgment directed declaring that Bulletin No. 359 of the defendants is in conformity with paragraph (c)

of subdivision 1 of section 102 of the statute; that said section prohibits plaintiffs from bringing and shipping into this State alcoholic beverages unless they are consigned to a person duly licensed under the statute to traffic therein; and otherwise dismissing the complaint. The appeal from the order entered on May 6, 1963 denying appellants' motion for an examination before trial dismissed as academic, without costs. Settle order on notice.